THE GERMAN INSURANCE COMPANY OF FREEPORT

*v.*

JACOB T. GIBE, for use, etc.

*Filed at Mt. Vernon June 12, 1896.*

1. EVIDENCE—*absolute deed may be shown to be a mortgage in an action at law.* The rule that a deed absolute in form may be shown by parol evidence to have been intended merely as a security, applies in actions at law where the title is not directly in issue.

2. INSURANCE—*conditions of policy as to ownership and title of property construed.* A deed of insured property, not followed by transfer of possession, absolute in form but meant only as a security for money which was never in fact advanced, is not a violation of conditions of a policy against *change of title, mortgaging,* and which require the assured to be the *sole and unconditional owner.*

3. SAME—*effect of prohibited act which does not increase hazard.* The act of an assured changing the evidence but not the fact of title, though a technical violation of the condition of the policy, does not increase the moral hazard, and the right of recovery remains.

*German Ins. Co.* v. *Gibe,* 59 Ill. App. 614, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Pulaski county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

WHITNEL & GILLESPIE, for appellant:

It is well settled that a change of title to the property in violation of the conditions of the policy forfeits all right of recovery. *Insurance Co.* v. *Leach,* 19 Ill. App. 151; *Garland* v. *Insurance Co.* 9 id. 571; *Dix* v. *Insurance Co.* 22 Ill. 272; *Insurance Co.* v. *Hauslin,* 60 id. 521; *Assurance Co.* v. *Scammon,* 102 id. 46; *Insurance Co.* v. *Cooper,* 60 id. 509.

A deed duly signed, sealed and delivered constitutes a change of title. Starr & Curtis' Stat. chap. 30, secs. 9, 11; *McConnel* v. *Reed,* 4 Scam. 117; *Insurance Co.* v. *Mitchell,* 67 Ill. 43; *Assurance Co.* v. *Scammon,* 102 id. 46; *McGinnis* v. *Fernandes,* 126 id. 228.

By a properly drawn deed the title passes to the grantee, without reference to consideration paid. *Fetrow* v. *Merriwether,* 53 Ill. 275; *Evans* v. *Edwards,* 26 id. 279.

The assured having executed a deed absolute in form, the title changed, notwithstanding a verbal arrangement between himself and grantor. 1 Wood on Insurance, 723, 724; *Dailey* v. *Insurance Co.* 131 Mass. 173; *Insurance Co.* v. *Ricker,* 10 Mich. 278; Ostrander on Insurance, 190, 191.

It is only in a court of chancery that it is proper to admit parol evidence of contemporaneous verbal arrangements for the purpose of establishing that a deed absolute on its face is a mortgage. *Emery* v. *Mohler,* 69 Ill. 221; *Andrus* v. *Mann,* 92 id. 40; *Insurance Co.* v. *Jaynes,* 87 id. 199.

The parol agreement between Jacob T. Gibe and Adam Gibe, relied upon by the plaintiff to avoid the effect of the deeds, is within the Statute of Frauds and void, and would not be permitted for the purpose of contradicting a deed, even in a court of equity. Statute of Frauds, secs. 1, 9; Browne on Statute of Frauds, p. 510, secs. 441*a,* 441*b; Stevenson* v. *Crapnell,* 114 Ill. 19.

The defendant's motion in arrest of judgment should have been sustained. *Bellows* v. *Shannon,* 2 Hill, 186; *Sullenberger* v. *Gist,* 14 Ohio, 204; *Bowdre* v. *Hampton,* 6 Rich, 208; *Schermerhorn* v. *Schermerhorn,* 5 Wend. 513; *Woods* v. *Haynes,* 1 Scam. 103.

L. M. Bradley, for appellee:

A deed absolute on its face may be shown to have been intended as a mortgage, either at law or in equity, when the action is not upon the deed or involving the same in a chain of title. *Delahay* v. *McConnel,* 4 Scam. 157; *Tillson* v. *Moulton,* 23 Ill. 600; Rev. Stat. chap. 95, sec. 12; 2 Washburn on Real Prop. 49, 50; May on Insurance, secs. 272, 273; 1 Rice on Evidence, 266; *Banking Co.* v. *Leonard,* 11 Ky. 917; *Hodges* v. *Insurance Co.* 8 N. Y. 416; *Insurance Co.* v. *Eddy,* 55 Ill. 213.

A mortgage is not a violation of the clause in a policy of insurance against change of title. *Insurance Co.* v. *Spankneble,* 52 Ill. 53; *Insurance Co.* v. *Eddy, supra; Insurance Co.* v. *Walsh,* 54 Ill. 164.

It is competent to show a mortgage is without consideration, and therefore inoperative and void. *Miller* v. *Marckle,* 21 Ill. 152; 2 Washburn on Real Prop. (4th ed.) 246.

An invalid mortgage need not be disclosed, and is wholly inoperative. *Insurance Co.* v. *Jackson,* 83 Ill. 302.

A void contract is the same as if never made, and is no bar to the assertion of a right. *Insurance Co.* v. *Jackson, supra; Railway Co.* v. *Lewis,* 109 Ill. 120.

A contract, whether in writing or not, is void if there is no consideration to support it. *Eddy* v. *Robarts,* 17 Ill. 505; *Buntain* v. *Dutton,* 21 id. 190.

Parol evidence is admissible to show the want of a consideration for a deed or the failure or the illegality of the consideration, especially in a collateral proceeding. *McCampbell* v. *Durst,* 73 Texas, 411; *Meyer* v. *Casey,* 57 Miss. 615; *Waymack* v. *Heilman,* 26 Ark. 449; *Corbin* v. *Sistrunk,* 19 Ala. 203; 1 Rice on Evidence, 295, 296.

Mr. Justice Wilkin delivered the opinion of the court:

This was a suit in assumpsit by appellee, against appellant, upon a policy of insurance, to recover loss on a dwelling house insured for $1300, and on household furniture and other enumerated articles of personal property

therein, insured for $200,—loss, if any, payable to W. P. Minnich (who held a mortgage on the property) and assured, as their interests may appear. The policy was dated April 10, 1891, and ran for five years. The fire occurred August 20, 1893. The general issue and a number of special pleas were interposed, upon which issues were joined. Replications to other special pleas were filed, to which replications demurrers were interposed and overruled, and defendant stood by its demurrers. The cause was tried on defenses set up in a plea of the general issue, pleas averring change of title after the issuance of the policy, and pleas averring mortgage or incumbrance. The verdict was for appellee, with damages assessed at $1500. Appellant thereupon filed a motion for judgment *non obstante veredicto*, upon the ground that the case was tried on immaterial issues, which motion was overruled; then a motion to award a repleader upon the same ground, which was also overruled; then motions for new trial and in arrest of judgment, each of which was denied and judgment entered for plaintiff on the verdict for $1500 damages and costs of suit. From a judgment of the Appellate Court for the Fourth District affirming that judgment this appeal is prosecuted.

The several grounds of reversal urged in the Appellate Court will be found in the further statement of the case by GREEN, J. (See 59 Ill. App. 614.)

We think, with the Appellate Court, the demurrer to the replications to the fourth, fifth and sixth pleas was properly overruled. Moreover, these pleas set up the principal defenses pleaded in the second and third special pleas, to which replications in substance like those filed to the fourth, fifth and sixth were interposed, and to which, after the defendant's demurrer thereto had been overruled, it filed rejoinders, thus forming an issue of fact upon which the trial was had. That issue was whether the conveyances by the insured to his father, Adam Gibe, were in violation of the conditions of the policy.

The condition set up in the pleas is as follows: "And it is stipulated and agreed  *  *  *  that if the property shall hereafter become mortgaged or encumbered,  *  *  * or in case any change shall take place in the title or possession (except by succession by reason of the death of the assured) of the property herein named,  *  *  *  or if the assured shall not be the sole and unconditional owner in fee simple of the said property,  *  *  *  or if the risk be increased in any manner, except by the erection and use of ordinary outbuildings, without consent endorsed hereon, then in each and every one of the above cases this policy shall be null and void."

On August 7, 1891, the insured conveyed the property to Adam Gibe by warranty deed, subject to the Minnich mortgage, and Adam Gibe gave him back a bond of the same date to reconvey.  Afterwards the assured made a quit-claim deed to Adam Gibe, releasing all interest by virtue of the bond.  After the fire, of date September 15, 1893, Adam Gibe reconveyed to the insured.  These deeds from Jacob T. to his father the defendant insisted, by its pleas, under the foregoing condition worked a forfeiture of the policy.  The replications set up that the deeds were intended as security to enable the father to obtain money with which to pay off the Minnich mortgage, but that no money was ever obtained or paid thereon, and therefore the deeds did not transfer the title or ownership of the property, within the meaning and intent of said condition.  The defendant, by rejoinders, averred that the said deeds did legally transfer the title and ownership of the insured property from the assured to his father.  The deeds, unexplained, certainly worked a change of title and ownership in the property, and the first question for decision therefore is, was it competent for the plaintiff to show, by parol testimony, that they did not have that effect.

It has been frequently held by this and other courts that the execution of a mortgage upon insured property

is not a violation of a covenant against a change of title. (*Commercial Ins. Co.* v. *Spankneble,* 52 Ill. 53; *Barry* v. *Insurance Co.* 110 N. Y. 1; *Aurora Fire Ins. Co.* v. *Eddy,* 55 Ill. 213.) Under the provisions of our statute a deed, though absolute in form, is but a mortgage, if intended by the parties merely as a security. (2 Starr & Curtis, chap. 95, sec. 12, p. 1636.) It has also been held that the fact that it was intended as a security, merely, may be proven by parol. Nor is this rule confined to causes in equity, as contended by counsel for defendant. (*Delahay* v. *McConnel,* 4 Scam. 157; *Tillson* v. *Moulton,* 23 Ill. 600; *West* v. *Frederick,* 62 id. 191; *Hodges* v. *Tennessee Marine and Fire Ins. Co.* 8 N. Y. 416; *Barry* v. *Insurance Co. supra.*) No good reason can be offered for holding such testimony competent in equity and not in an action at law like this. The reason such testimony is not competent in an action of ejectment is, that there the title is directly in issue, and the legal title prevails. *Finlon* v. *Clark,* 118 Ill. 32, followed by *McGinnis* v. *Fernandes,* 126 id. 228.

The statute expressly makes the question whether an absolute deed is a mortgage, depend upon the intention of the parties. If they intend it as a security then it is a mortgage. In a case like this the question on the covenant against change of title is whether the deed absolute in form is but a mortgage, the law being that if it is, then it is no violation of the condition of the policy against change of title. If, as at common law, a deed absolute in form could only be held a mortgage upon the ground of accident, fraud or mistake, there would be much reason for holding, as is done by other courts, that the fact could only be proven in a court of equity, where such matters are cognizable; but our statute permits a deed absolute in form to be held a mortgage upon another and different ground from that of fraud, accident or mistake, namely, the intention of the parties that it shall be merely a security. No good reason can be shown for

holding that intention may not be proved in an action at law, where the title is not directly in issue.

That the proof in this record establishes the fact that the only object in giving the deeds was to enable the father to get the necessary funds to pay off the Minnich incumbrance, if it were an open question here, could not be denied. The first deed, with a bond back, was to secure the father for money which it was expected he would advance. It being found he could not himself raise the necessary sum, the bond was released so that he might use the property as security to others. But he finally failed to get the funds, and the matter so remained until after the property was destroyed. That the deeds in his hands, under any view of the facts, were other than mortgages, cannot, it seems to us, be seriously contended. It is admitted that Jacob T. Gibe remained in the exclusive possession of the property until it was burned. It is clear, then, that no change took place *"in the title or possession."* We think it equally clear that the assured was at all times the "sole and unconditional owner, in fee simple, of the said property." That Adam Gibe obtained no interest in or ownership to the property is clear. He paid nothing on it and claimed no right to it, and no one will pretend that he could in any manner have enforced a claim against it. The rule which excludes parol testimony to contradict the recitals in a deed or to vary the terms of a written agreement has no application here. 1 Greenleaf on Evidence, 211; 3 Am. & Eng. Ency. of Law, 828, and cases cited in note.

Courts never look with favor upon forfeitures, and will only give effect to them where there is a clear right shown. Insurance companies are understood to place these and like conditions in their policies to avoid an increase in the moral hazard insured against, and it has been held that where that hazard is not increased by the act of the insured, though a technical violation of the condition, his right of recovery is not forfeited. In *Ayers*

v. *Hartford Ins. Co.* 17 Iowa, 176, it is said: "The object of the insurance company by this clause is, that the interest shall not change so that the assured shall have a greater temptation or motive to burn the property, or less interest or watchfulness in guarding and preserving it from destruction by fire. Any change in or transfer of the interest of the assured in the property, of a nature calculated to have this effect, is in violation of the policy. But if the real ownership remains the same,—if there is no change in the *fact of title* but only in the evidence of it, and if this latter change is merely nominal and not of a nature calculated to increase the motive to burn or diminish the motive to guard the property from loss by fire,—the policy is not violated." (1 May on Insurance, —3d ed.—sec. 273.) In *Commercial Ass. Co.* v. *Scammon,* 126 Ill. 355, where the opinion of the Appellate Court for the First District by McALLISTER, J., was adopted by this court, the foregoing language is quoted with approval.

The transactions between the policyholder and his father, as shown by the replications and proof in the case, amounted to no more than a futile attempt to raise money to pay off the existing mortgage on the property. The ownership and possession remained precisely the same as before the deeds were executed. Jacob T. Gibe had exactly the same motive, so far as his interest was involved, to protect the property against fire that he had when he obtained his policy. We think the circuit and Appellate Courts ruled correctly in holding that the insurance was not forfeited.

Other grounds of reversal insisted upon were also properly overruled by the Appellate Court, and we concur in the views expressed in its opinion. Its judgment will be affirmed.      *Judgment affirmed.*