## Samuel Gillespie et al. v. Solomon Hughes.

1. DEED—*May Be Shown to Be a Mortgage.*—A deed absolute upon its face may be shown to be a mortgage by parol evidence, if such was the intention of the parties.

2. SAME—*Where a Mortgage at Common Law.*—At common law, a deed absolute in form could only be held a mortgage upon the ground of accident, fraud or mistake, but our statute permits such a deed to be held a mortgage upon another and different ground from that of fraud, accident or mistake; namely, the intention of the parties that it shall be merely a security.

3. ACTION ON THE CASE—*Where the Proper Remedy.*—The action on the case is based upon very general principles, and is designed to afford relief in all cases where one is injured by the wrongful act of another, and where no other remedy is provided. The injury may consist of the doing or omitting of some act contrary to the general obligation of the law, or some violation of a right or duty arising from the relationship of the parties.

4. SAME—*When a Conveyance is Made Without Authority.*—Where a conveyance is made without authority, by a trustee in whom the absolute title was apparently vested, to a third party without notice of the equities existing, and the owner of the equity is thereby injured, the court is inclined to the opinion that it was a wrongful act, for which an action in case may be maintained.

**Action in Case.**—Wrongful conveyance of property. Appeal from the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge,

Gillespie v. Hughes.

presiding.   Heard in this court at the March term, 1899.   Reversed and remanded.   Opinion filed December 14, 1899.

**Statement.**—On the 5th of May, 1894, appellants were officers in the Suburban Lumber Company, the Elsmere Lumber Company and the Farson & Libbey Company, corporations engaged in the business of selling lumber and other materials in the city of Chicago, and appellee was a plastering contractor doing business in the said city.   Prior to the 5th day of May, 1894, appellee had become indebted in various amounts to the Suburban Lumber Company and the Elsmere Lumber Company for materials furnished to him by these corporations, and the amount of such indebtedness was stated by appellee to be about $1,300.   Prior to the 5th day of May, 1894, appellant Gillespie, on behalf of these corporations, had called upon appellee several times and endeavored to collect a part of this indebtedness due from him, but appellee was unable to pay anything; and on one of these visits by Gillespie to appellee, prior to the 5th day of May, appellee proposed to Gillespie that he would turn over to him a certain piece of real estate to be held as security for the payment of this indebtedness.

Accordingly, on the said 5th day of May, R. B. Farson, one of the appellants, called upon appellee, Hughes, with his attorney, and appellee, joined by his wife, executed a warranty deed to Gillespie, and conveyed to Gillespie the real estate here in question, " subject to two trust deeds securing notes aggregating $6,000."   At the same time a writing was drawn up as follows :

" This agreement, made this fifth day of May, A. D. 1894, between Solomon Hughes, party of the first part, and Samuel Gillespie, party of the second part, witnesseth :

" That whereas, the said party of the first part is indebted to the Suburban Lumber Company and the Elsmere Lumber Company in a certain sum, not to exceed the sum of two thousand dollars, and whereas, he has conveyed to said party of the second part, as security for said indebtedness, lot 25 in block 8, in Johnston & Cox's subdivision in S. W. ¼ of S. W. ¼ in Sec. 36, T. 40 N., Range 13, in Cook county, Illinois.

" Now, therefore, the said Samuel Gillespie, party of the second part, does hereby agree that he will reconvey the above real estate to said Solomon Hughes, a party of the first part, or to any person said Hughes may designate, at any time within two years from this date, upon the payment to him of not to exceed two thousand dollars and interest on said sum from said date at six per cent per annum, provided said reconveyance shall be made by said Gillespie upon the payment to him, or the Suburban Lumber Company and the Elsmere Lumber Company of whatever indebtedness then exists from said Hughes to said Suburban Lumber Company and to said Elsmere Lumber Company at the time said reconveyance is requested by said Hughes.

" This contract shall be held in escrow for the benefit of the parties hereto by Mr. C. P. Johnson.

" In witness whereof, said parties have hereunto set their hands the day and date first above written.

(Signed)      " SAMUEL GILLESPIE,<br>
"By R. B. Farson.<br>
" SOLOMON HUGHES."

This agreement was not under seal. After the deed and agreement had been executed, the deed was delivered by appellee to Farson, and the agreement was placed by the parties in the hands of C. P. Johnson, to be held in escrow.

After these papers were executed Gillespie took possession of the property and placed it in the hands of an agent to collect and receive the rents.

About a week after the date of this instrument Hughes gave notes to Gillespie to the amount of the indebtedness then owing by him to these corporations, and the notes were afterward, at maturity, renewed from time to time, by substituting other notes for them, until the three notes dated respectively October 18, 1895, November 1, 1895, and December 4, 1895, were given. These notes were never, in any manner, taken up by Hughes, and at the time this suit was brought, on the 7th day of May, 1896, Hughes was still indebted thereon in an amount aggregating nearly $1,900. Appellee never tendered payment or demanded a deed from Gillespie or Farson, and he never paid or offered to pay any taxes upon the property after it was turned over

Gillespie v. Hughes.

to Gillespie, or any interest upon the incumbrances existing at that time.   He admitted upon the trial that he had never been able, since the property was turned over, and up to the time of the trial, to pay the indebtedness which he owed at the time the deed was made.

On December 1, 1895, the Farson & Libbey Company, to whose order two of these notes referred to were made payable, made a voluntary assignment in the County Court; and voluntary assignments were also filed the same day by the other two corporations, the Suburban Lumber Company and the Elsmere Lumber Company.   Prior to the time when these assignments were made, all of the notes had passed into the hands of different banks, and judgments against Hughes were subsequently entered upon each of them, which are still wholly unpaid and unsatisfied, except to the extent of a ten per cent dividend paid by the Farson & Libbey Company.

On November 12th, Farson, on behalf of some one of these corporations, applied to Albert H. Kleinecke for some accommodation notes which could be used at banks, and Kleinecke being unwilling to sign such notes without security, it was proposed that Gillespie convey to Kleinecke, as security, the property which had been deeded to him by Hughes as security for the payment of these notes. Kleinecke was willing to take the conveyance of the property as security for the liability which he might incur by reason of the accommodation notes, and on November 12, 1894, a deed of the property from Gillespie to Kleinecke was made.   Before this deed was made, Kleinecke was notified that Gillespie merely held the title to said property in trust to secure an indebtedness, and that it was expected that the former owners of the property would redeem, and Kleinecke was therefore requested not to place the deed on record.   Accordingly the deed to Kleinecke was withheld from the record until December 31, 1895, after the assignments of these several corporations.

During the period which intervened between the execution of the deed to Kleinecke and the time when the same

was placed on record, Gillespie continued to remain in pos-
session of the property, collecting the rents, and no effort
whatever was made by Kleinecke to take possession of the
property until after the failure of these corporations.
Kleinecke then notified the agent in charge of the property
that it had been conveyed to him; but the agent continued
collecting the rents as formerly.   After Kleinecke's deed
was placed on record he paid the taxes on the property,
interest on the incumbrances, and repairs, amounting to
$630 in excess of what he received during the same period
of time out of the income of the property.

About November 10, 1896, Albert H. Kleinecke made a
conveyance of the property to his brother, William C.
Kleinecke, a non-resident, and the deed was placed on record
November 12, 1896.   Before the transfer by Kleinecke to
his brother, he saw his brother at Worcester, Mass., and
told him something of the circumstances with reference to
the property.   It was agreed that Albert H. Kleinecke
should continue to look after the premises and collect the
rents, etc.   After his return home he executed the deed,
placed it on record, and after receiving it from the recorder's
office sent it to his brother.   The same agent still con-
tinued in charge of the property collecting the rents.

It also appeared, and was not controverted, that a bill is
now pending for a foreclosure of the incumbrance on the
property at the time of the conveyance to Gillespie; and
that the income of the property, after this conveyance, was
never at any time sufficient to meet the fixed charges.

The declaration consists of five counts.   The fifth count
alleges, in effect, that the plaintiff caused to be conveyed to
Gillespie certain land, worth $12,000, to be held as security
for certain money to be paid by the plaintiff to certain
corporations, amounting to about $1,800; yet the defend-
ants wrongfully, etc., conveyed the said property "to a
stranger without notice;" that said Gillespie only held said
lands and real estate as security for payment as aforesaid,
whereby property was lost, etc.

Upon the trial plaintiff offered in evidence the original

deed by which he had acquired title to the property in question. He then offered in evidence the conveyance from plaintiff to Gillespie, and then offered in evidence the so-called defeasance agreement, before set out. This agreement was objected to by counsel for defendants for the reason that it was not under seal, upon the ground that in a court of law an instrument under seal, like the deed to Gillespie, can not be changed or varied, and its express terms and provisions abrogated, by a parol agreement or an agreement not under seal. The objection was overruled by the court, and the agreement was admitted in evidence. The conveyance by Gillespie to A. H. Kleinecke, and from the latter to W. C. Kleinecke, were shown. Evidence as to value of the property was presented.

At the close of the plaintiff's case, counsel for defendants requested the court to instruct the jury to return a verdict for the defendants, and presented to the court an instruction in writing to that effect; but the court refused to give the instruction, and marked it refused. Counsel for defendants then moved the court to instruct the jury to return a verdict for the plaintiff, but for mere nominal damages, and presented a written instruction to that effect, but the court refused to give the instruction and marked it refused.

And again, at the close of all the proof, and before the argument to the jury, the court was again requested to give the two instructions mentioned, which the court declined to do, and marked the instructions refused.

The jury returned a verdict for the plaintiff and assessed his damages at $2,000. From judgment thereon this appeal is prosecuted.

C. T. Farson and C. W. Greenfield, attorneys for appellants.

The doctrine is firmly established in this State that " once a mortgage always a mortgage." The absolute deed being once established as a mortgage, therefore the conveyance to another with notice will not affect the character of the transaction. The equity of redemption of the mort-

gagor is not thereby cut off. Miller v. Thomas, 14 Ill. 428; Wynkoop v. Cowing, 21 Ill. 570; Tillson v. Moulton, 23 Ill. 648; Brown v. Gaffney, 28 Ill. 149; Reigard v. McNeil, 38 Ill. 400; Smith v. Cremer, 71 Ill. 185; Union Mutual Life Ins. Co. v. White, 106 Ill. 67; Bearss v. Ford, 108 Ill. 16.

Where the grantee in a deed absolute, but which is in fact a mortgage, conveys or assigns to a third person, who takes with notice of the equitable rights of the mortgagor, the grantee or assignee becomes but a mortgagee, and the rights of the mortgagor are not affected. Brown v. Gaffney, 28 Ill. 149; Shaver v. Woodward, 28 Ill. 277; Reigard v. McNeil, 38 Ill. 400; Smith v. Knoebel, 82 Ill. 392; Strong v. Shea, 83 Ill. 575; Union Mutual Life Ins. Co. v. Slee, 123 Ill. 57, 93.

A purchaser of trust property, even without notice of the trust, has no title as against the *cestui que trust*, unless he has paid the purchase money. Carpenter v. Davis, 72 Ill. 14.

A purchaser of trust property with notice himself becomes a trustee, and is bound to perform the trust the same as the original trustee. Bethel v. Sharp, 25 Ill. 173.

H. B. JACKSON, attorney for appellee.

It is provided by statute " that every deed conveying real estate, which shall appear to have been intended only as security in the nature of a mortgage, though it be an absolute conveyance in form, shall be considered as a mortgage." Chapter 95, Section 12, R. S.

Under this statute the Supreme Court has frequently decided that " such a deed, absolute in form, if intended as security, will be held both at law and in equity a mortgage." Tilson v. Moulton et al., 23 Ill. 648–656; German Insurance Co. v. Gibe, 162 Ill. 251–256, and cases there cited; Frankenthal v. Mayer, 54 Ill. App. 160.

It is one of the boasts, and a maxim of the common law, that " there is no wrong without a remedy." This maxim has been considered so valuable that it gave occasion to the invention of this very form of action, called an action on the case. Broom's Legal Maxims, 191.

Gillespie v. Hughes.

For illustration of this maxim see Van Pelt v. McGraw, 4 Com. 110. Here the court say:

" The action on the case is based upon very general principles, and is designed to afford relief in all cases where one man is injured by the wrongful act of another, where no other remedy is provided. This injury may result from some breach of positive law, or some violation of a 'right or duty' growing out of the relations existing between the parties. It forms no objection to this action that the circumstances are novel; that no case precisely similar in all respects has previously arisen." Van Pelt v. McGraw, 4 Com. 110; 1 Cowen's Treatise, 3.

In 1 Chitty's Pleadings, pages 132–133, the author clearly points out the ground on which our action on the case is sustained. He says:

" Torts of this nature are to the absolute or relative rights of persons, or to personal property in possession or reversion, or to 'real property,' corporeal or incorporeal, in possession or reversion.

" These injuries may be either by non-feasance, or the omission of some act which the defendants ought to per-. form, or misfeasance, being the improper performance of some act which might lawfully be done; or by 'malfeasance,' the doing what the defendant ought not to do; and these respective torts are commonly the performance or omission of some act contrary to the general obligation of the law, or the particular rights or duties of the parties, or of some implied or expressed 'contract' between them."

Mr. Presiding Justice Sears delivered the opinion of the court.

The questions presented upon this appeal are: First, whether the court erred in admitting parol evidence to establish that the deed absolute in form was intended by the parties as a mortgage to secure a debt; secondly, whether the conveyance by Gillespie to Kleinecke was a wrong for which an action will lie; and, thirdly, if an action will lie, whether a recovery of substantial damages, or anything more than nominal damages, can be sustained upon the evidence here.

Upon the first question it is contended by counsel for

appellants that it was error to admit parol evidence to show that this deed absolute in form was intended by the parties to be a mortgage only. It is urged that while parol evidence is admissible in a suit in equity for the purpose of thus showing that a deed absolute in form was in fact intended by the parties to be a mortgage, yet in a court of law the strict rule obtains that the deed can not be thus varied in its terms by parol evidence. The contention is not tenable. The law is well settled in this State to the contrary. The German Ins. Co. v. Gibe, 162 Ill. 251.

In this case Mr. Justice Wilkin, speaking for the court, said :

"It has also been held that the fact that it was intended as a security merely, may be proven by parol; nor is this rule confined to causes in equity, as contended by counsel for defendant. No good reason can be offered for holding such testimony competent in equity and not in an action at law like this. The reason such testimony is not competent in an action of ejectment is, that there the title is directly in issue, and the legal title prevails. The statute expressly makes the question whether an absolute deed is a mortgage depend upon the intention of the parties. * * * If, as at common law, a deed absolute in form could only be held a mortgage upon the ground of accident, fraud or mistake, there would be much reason for holding, as is done by other courts, that the fact could only be proven in a court of equity, where such matters are cognizable; but our statute permits a deed absolute in form to be held a mortgage upon another and different ground from that of fraud, accident or mistake, namely, the intention of the parties that it shall be merely a security. No good reason can be shown for holding that intention may not be proved in an action at law, where the title is not directly in issue."

The second question is as to whether the conveyance by Gillespie to Kleinecke was a wrong for which an action will lie. If the conveyance was made without authority by the trustee, in whom the absolute title was apparently vested, to a third party without notice of the equities of the appellee, and appellee was thereby injured, we are inclined to the opinion that it was a wrongful act for which an action might be maintained by the appellee.

Gillespie v. Hughes.

The action on the case is based upon very general principles, and is designed to afford relief in all cases where one is injured by the wrongful act of another and where no other remedy is provided. The injury may consist of the doing or omitting of some act contrary to the general obligation of the law, or some violation of a right or duty arising from the relationship of the parties. 1 Chitty Pl. 132; Van Pelt v. McGraw, 4 Comst. 110.

In Himes v. Keighblingher, 14 Ill. 469, the declaration counted upon a wrongful recording of a deed which had been delivered by the plaintiff to the defendant to be held in escrow, by means of which wrongful recording the plaintiff was injured. The court held that an action on the case would lie for such wrongful act resulting in an injury, and said:

"He did a wrongful act, which resulted in a damage to the plaintiff, and for that damage he must be held liable."

It is practically conceded in this case that the action is properly brought, for each party requested instructions upon the measure of damages, the appellants asking that the court instruct the jury that only nominal damages could be recovered.

The third question presented is upon the question of substantial damages. The damages recoverable, beyond mere nominal damages, can only be such as the appellee has actually sustained. The evidence discloses that A. H. Kleinecke took the title with notice of rights of appellee. The evidence is not clear as to just what notice or knowledge of the facts W. C. Kleinecke had when he took the title.

We can not say that there appears from the evidence any sufficient showing that appellee has been damnified to the extent of $2,000, which is the amount of the recovery by him. Without a showing to the effect that his substantial damages amount to the sum recovered, the judgment ought not to be sustained. It might well be, for all that appears in the record, that W. C. Kleinecke took the title with full knowledge of the appellee's right to redeem, and that,

upon a tender by appellee to him of the amount due, to secure which the deed was given, Kleinecke would carry out the trust to which Gillespie was obligated and reconvey the premises to appellee.

It is impossible to determine from this record that W. C. Kleinecke would or could claim the land as a *bona fide* purchaser, without notice of the trust, and relying upon the record title. See Carpenter v. Davis, 72 Ill. 14.

We are of opinion that before appellee can sustain a recovery of substantial damages he must show substantial injury.

Other questions raised need not be considered by reason of the conclusion reached.

The judgment is reversed and the cause is remanded.