John W. Barger, Appellant, v. First National Bank of Danville, Appellee.

Gen. No. 9,286.

Opinion filed June 23, 1941.

H. A. SWALLOW and STEELY, STEELY, GRAHAM & DYSERT, both of Danville, for appellant; WALTER V. DYSERT, of counsel.

Meeks & Lowenstein and Bookwalter, Carter & Gunn, both of Danville, for appellee; R. R. Bookwalter, I. R. Carter, Horace E. Gunn and L. A. Lowenstein, of counsel.

Mr. Justice Hayes delivered the opinion of the court.

This is an appeal from the circuit court of Vermilion county, Illinois, from a judgment entered by that court dismissing the second amended complaint as amended, on the grounds that the suit should have been filed on the chancery side of the court instead of the law side. The plaintiff elected to stand on the complaint as amended, and refused to transfer the suit to the chancery side. The court then entered a judgment whereby the plaintiff would recover nothing by his suit, and taxed the costs against him.

The second amended complaint, in substance, alleged; that on February 25, 1931, the plaintiff was the owner of certain real estate and personal property consisting of a business building, a residence, and a stock of merchandise; that the real estate was of the value of one hundred thousand dollars; that the personal property was worth twenty thousand dollars; that the plaintiff was indebted to the defendant, the First National Bank of Danville, in the sum of twenty-three thousand dollars, evidenced by notes which the defendant held; that the plaintiff conveyed said real estate, by deed, to the cashier of the defendant as agent for the Bank, and surrendered possession of said premises and all of said personal property; that the plaintiff then entered into a collateral, verbal agreement with the defendant, authorizing said Bank to sell all of said property at the best possible price, with the approval of the plaintiff, using due diligence, skill and experience to collect the sale price, and liquidate said indebtedness on said notes, and any balance to be paid over to the plaintiff; that although said conveyance was a warranty deed, nevertheless, under said agree-

ment it was always a mortgage and collateral security for said indebtedness on said notes, and that the delivery of said personal property was for the same purpose; that the defendant recorded said deed, took possession of all of said property, and finally sold it; that the defendant sold the homestead for sixteen hundred ($1,600) dollars, and the building block for twenty thousand ($20,000) dollars; that the defendant permitted the property to become depreciated in value; that a part of the personal property disappeared without being sold; that on account of negligence on the part of the defendant in mismanaging said property, it sold for twenty thousand dollars rather than one hundred thousand dollars; that the defendant had none of said property in its possession or control at the time of the filing of the complaint, and therefor asks that damages be assessed against the defendant in the sum of one hundred thousand dollars.

To this complaint the defendant filed a motion to dismiss on the grounds that the complaint failed to state a cause of action. It further alleged that the verbal contract was void, under the statute of frauds; that the complaint was based upon a verbal agreement constituting a trust, and that said agreement as set forth in the complaint had no defeasance and consequently would not amount to a mortgage.

Defendant also filed a cross complaint averring, that on the 25th day of February, A. D. 1931, the real estate in question had been deeded by John W. Barger to Harmon D. Andrews, for the benefit of the First National Bank of Danville—who afterwards deeded it to the Bank—the Bank taking possession of the same on the 9th day of March 1931, and it has been in its possession ever since; that said bank expended thirty-seven hundred ($3,700) dollars in repairs; fifty-six hundred ($5,600) dollars in taxes, two thousand ($2,000) dollars in insurance, and paid forty-six thousand ($46,000) dollars on prior existing liens and en-

cumbrances; that all of said payments were made with the knowledge of cross defendant, and without any objection from him; that said cross defendant, after executing the deed to Andrews for the benefit of the Bank, confirmed and ratified it as being an absolute and unconditional conveyance and in full satisfaction and settlement of his indebtedness to the Bank.

The Bank filed a separate defense in connection with its answer to the complaint, in which it alleges the execution of a quitclaim deed by John W. Barger to the Bank, on the 14th day of June 1939 (8 years after the original deed), and avers that said deed contains this recital: ''This deed is executed for the purpose of confirming a fee simple title to said real estate in said The First National Bank and in satisfaction of any indebtedness which I may have to said bank and is subject to two certain mortgages in favor of Danville Building Association, and is also subject to all taxes.''

Plaintiff contends that his case is an action in tort, at law, for the recovery of damages, because of the mismanagement of real estate and personal property conveyed. He further claims that at the time of the transfer, there was an oral agreement that made said deed a mortgage, rather than an absolute conveyance.

The language, used by the plaintiff in his complaint, indicates a conveyance, with power of sale and authority to use the proceeds to pay the Bank's debts. Nothing is alleged in the oral agreement that the property was to be reconveyed by the Bank to the plaintiff upon payment of the debt by the plaintiff, that is, there is no defeasance shown by the oral agreement.

To constitute an instrument, in form a deed, a mortgage, there must be (1) a debt or legal liability owing by the owner of the real estate, (2) an intention of the parties that the conveyance is made as security for that debt, and (3) a provision, express or implied, for a defeasance.

Referring to this subject Reeve's Illinois Law of Mortgages, volume 1, chapter 2, section 18, states: "To accomplish this result, it is necessary, that the agreement of the grantee should purport to defeat and destroy the estate conveyed to him, upon the performance of conditions by the grantor. Thus, where a grantor conveyed the property by deed absolute, and received back a paper in which the grantee agreed, in consideration of the deed, to endeavor to sell the property within one year, and, after deducting a debt due to himself, and paying a debt of the grantor to a third person, to repay to the grantor all the surplus arising from the sale, together with any rent received by the grantee during the year, it was held that this writing did not constitute a defeasance."

Referring to cases where conveyance of real estate is made with the power of sale, Pomeroy's Equity Jurisprudence, fourth edition, volume 1, page 186, lays down the rule that this amounts to an express trust which is within the exclusive jurisdiction of equity and states the rule as follows: "In this class, the interest of the trustee is not a mere naked legal title, and that of the cestui qui trust is not the real ownership of the subject matter. The trustee is generally entitled to the possession and management of the property, and to the receipt of its rents and profits, and often has, from the very nature of the trust, an authority to sell or otherwise dispose of it. The interest of the beneficiary is more limited than in passive trusts, and in many cases cannot with accuracy be called even an equitable estate. He always has the right, however, to compel a performance of the trust according to its terms and intent. The foregoing classes of express private trusts are all embraced within the general exclusive jurisdiction of equity as it is established by the English Court of Chancery; and they belong to the same jurisdiction as it is administered in the states of this country, except so far as they have been abrogated or modified by statute."

The plaintiff, by the express agreement set up in his complaint showing a conveyance with the power to sell, has barred himself of any right to have the transaction held to be a mortgage. The express agreement alleged by the complainant in his complaint is incompatible with the necessary elements that would constitute a mortgage, and prevents the finding of them by implication from the circumstances.

It is clear that the plaintiff, under the allegations of his complaint, did not state a cause of action at law. If he had any rights, under his purported oral agreement, it was in equity. A court of equity has jurisdiction, on the application of persons interested, of all questions relative to the establishment, enforcement, and protection and preservation of a trust on real or personal property. 65 C. J. 1011.

The facts set forth in the complaint negative a mortgage. The statement contained therein, "It was always a mortgage," is a mere conclusion and does not overcome the legal effect of the other allegations. The case of *Gillespie v. Hughes*, 86 Ill. App. 202, relied upon by the plaintiff is not analogous to the case here, for in the *Hughes* case there was a written contract to reconvey on the payment of the debt.

The case of the *German Ins. Co. v. Gibe*, 162 Ill. 251, is cited by plaintiff in his brief. Here the court held that the intention of the parties, under our statute, showing a deed to be a mortgage may be shown by parole evidence, in an action at law as well as in equity, but in the *Gibe* case the defeasance was established and it appears that the property had been reconveyed to the original grantor.

The plaintiff's complaint failed to state a cause of action. If he had any rights under his purported oral agreement it was in chancery. He refused to permit the case to be transferred to the chancery side of the court. He stood by for eight years while the defendant was paying out large sums of money for prior encumbrances, interest, taxes and repairs and shortly

before filing his suit, confirmed the title by a second deed without any defeasance clause. The circuit court was amply warranted in dismissing plaintiff's suit at law and entering judgment against it.

For the reasons set forth, the judgment of the circuit court is affirmed.

*Judgment affirmed.*