Frank F. Stamberg and Anna T. Stamberg, Plaintiffs-Appellees, v. Kenneth W. Hiller, Defendant-Appellant.

Gen. No. 63–F–28.

Fourth District.

May 13, 1963.

Orwin H. Pugh and Thomas D. Schwartz, of Carbondale, for appellant.

Rendleman and Rendleman, and Ford L. Rendleman, of Anna, and John S. Rendleman, of Carbondale, for appellees.

CULBERTSON, J.

This cause is before us on an appeal from the decree of the Circuit Court of Union County awarding possession of certain real estate to plaintiffs-appellees, Frank F. Stamberg and Anna T. Stamberg, as the result of an action instituted in such Court.

The premises were originally owned by defendant-appellant and had been conveyed to appellees, and appellees thereafter leased the premises to defendant with an option to purchase. In the early spring of 1959, defendant apparently found himself in a position where the premises in question were about to be forfeited by reason of the expiration of the period of redemption resulting from a foreclosure sale in Union County in an action instituted by Oakdale State Bank.

A real estate broker put the defendant in touch with appellee, Frank F. Stamberg, and as a result of that meeting and other meetings Stamberg agreed to advance the money for the redemption, provided the premises were deeded to him, and made an arrangement to lease the property to the defendant, with a two-year option to purchase. The conveyance was executed, and at the same time a lease coupled with an option to purchase was executed between the parties. After the transaction was completed certain advances for the operation of the farm were made as the result of an agreement between the plaintiffs and defendant.

On appeal in this Court it is contended by defendant, Kenneth W. Hiller, that an equitable mortgage arose from this transaction, and that he was in fact an equitable mortgagor, and that the Stambergs were equitable mortgagees.

The parties had no business dealings prior to the transaction, and the conveyance made by defendant to plaintiffs was absolute on its face. No debt was in existence owing from defendant to plaintiffs at the time of the transaction which was secured by the conveyance, and there was no debt connected with the conveyance of the property during the course of dealings between the parties. No provision of any kind characterized this transaction as a mortgage nor was there any provision for defeasance. In the lease itself it was specifically provided that the transaction was a conclusive transaction and not a mortgage in any sense.

At the conclusion of the trial in the Circuit Court of Union County the Court found and decreed that the conveyance from defendant to plaintiffs was an absolute deed and that the lease, coupled with the option to purchase between the parties, did not constitute an equitable mortgage. The Court further

231

found that the plaintiffs were the owners of the premises in fee simple, free of any equity of redemption. The Court also found that plaintiffs were obligated to defendant in the sum of $400 as damages on an accounting as between the parties.

■ It has been clearly established in this State that a conveyance, absolute on its face, is presumed to be absolute, and that any party who asserts that such conveyance or deed constitutes a mortgage has the burden of proving such contention by clear and satisfactory evidence (Tepper v. Campo, 398 Ill 496, 504, 76 NE2d 490; Gillock v. Holdaway, 379 Ill 467, 41 NE2d 504).

■ A basic consideration in a conclusion that a deed would operate as a mortgage is a requirement that there be a debt or legal liability owing between the owner or grantor of the real estate to the grantee, which debt must be due upon a specific date or at a time which could be rendered definite, and the rights of the parties must be reciprocal in that there must be a continuation of the debt which the purported mortgagee could enforce (Robison v. Moorefield, 347 Ill App 508, 107 NE2d 278; Spies v. Demayo, 396 Ill 255, 72 NE2d 316).

■ We have observed that there was no provision of defeasance of the property which would be a normal requirement in the creation of an equitable mortgage, and the option to purchase for which the defendant could have availed himself, does not constitute a defeasance so as to convert the conveyance, which is absolute on its face, into a mortgage (Third Nat. Bank of Mt. Vernon v. Norris, 331 Ill 230, 162 NE 829). Upon review of the record it becomes apparent that the deed which was given to take effect at the time of its delivery reflected the intention of the parties to make the conveyance absolute and that it took effect in such manner at time of its delivery

232

(Schwartzentruber v. Stephens, 8 Ill2d 222, 133 NE2d 33). In view of the fact that the conveyance was made when there was no debt or legal liability owing between the owner of the real estate at such time and the grantees, or any showing of intention of the parties to secure any such debt, and no provision expressed or implied for a defeasance, we must conclude that the decree of the Circuit Court finding the deed was an absolute conveyance and not an equitable mortgage was sound and consistent with the law of this State (Barger v. First Nat. Bank of Danville, 310 Ill App 628, 35 NE2d 556).

 The appellee has contended, on cross-appeal, that the finding in favor of defendant in the sum of $400 on the accounting, was improper, but has cited no convincing evidence or precedents in support of such contention, and we must therefore affirm the decree of the Circuit Court as entered, and deny the cross-appeal asserted on behalf of appellees.

Decree affirmed.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.