SEXTON v. THE HAWKEYE INS. CO.

| | |
|---|---|
| 69 | 99 |
| 90 | 714 |
| 69 | 99 |
| 105 | 385 |
| 69 | 99 |
| 106 | 568 |
| 69 | 99 |
| 114 | 156 |
| 69 | 99 |
| 139 | 210 |

1. **Fire Insurance:** OCCUPANCY OF PREMISES: WHAT IS NOT. The
policy sued on was issued upon a dwelling house, and insured it against
losses by wind as well as by fire, and it provided: "This company shall
not be liable for any loss or damage while the above mentioned premises
shall be vacant or unoccupied." The loss occurred by wind, at a time
when no one lived in the house, though some articles belonging to a
recent tenant, and some belonging to the insured, were in it at the time
of the accident, and the *land* on which the house was situated, and
which was particularly described in the policy, was occupied at the
time. *Held* that the word "premises" in the policy referred to the
house and not to the land, and that the house was vacant within
the meaning of the policy, and that, the contract being violated in
that regard, no recovery could be had on the policy.

*Appeal from Adair Circuit Court.*

MONDAY, JUNE 14.

ACTION on a policy insuring against high winds, cyclones
or tornados, to recover for the loss of the insured building.

The cause was tried to a jury, which rendered a verdict for defendant, under an instruction by the court, upon which judgment was rendered. Plaintiff appeals.

*Gow & Hager*, for appellant.

*Phillips & Day*, for appellee.

BECK, J.—I.   The policy, among other conditions, contains the following: "This company shall not be liable for any loss or damage while the above mentioned premises shall be vacant or unoccupied, or resulting from neglect by the assured to use all possible effort to keep the property safely protected against fires that may originate on the prairies, or to save the property when on fire, or exposed thereto, or after the fire, or by theft at or after the fire." The evidence shows that the building insured was a dwelling-house, occupied at the time the policy was issued by a tenant, who moved out of it about three months before the loss. The plaintiff testifies that the tenant left in the house " two or three jars, and two large four or five gallon jars, and a molasses keg and a table," which appear to have been in the house when destroyed. The plaintiff also testified that he had in the house at that time a wrench, hatchet, three empty cans, a rolling cutter, a plow file and a ladder." The house, after the tenant removed, was not used as a dwelling.

II.   The court, in our opinion, rightly directed a verdict for defendant; for the reason that the violation of the condition of the policy against the vacancy of the house, or its being permitted to remain unoccupied, was established without any conflict of evidence. The condition cannot be disregarded when the contract is attempted to be enforced. The parties contracted that the building should not be permitted to be vacant or unoccupied. We cannot vary or depart from their contract. It may be, but the point we do not determine, that if the condition required the performance of acts which in no way affected the hazard, or the non-performance of which could work defendant no

prejudice, the courts would not regard it. But it cannot be justly claimed that the hazard of "high winds, cyclones or tornadoes" was not increased by the vacancy of the building. The occupants of a dwelling, for their own safety, and the protection of the property they may have in it, will exercise care for the preservation of a building by keeping closed and secured the windows and doors of the house during high winds, which would, to some extent, secure to it increased stability and capacity of resistance to storms. The tools and other articles of the plaintiff, and other articles owned by the tenant in the house at the time of the loss, did not constitute occupancy, as contemplated by the policy. The building was described in the policy as a "dwelling-house," and was insured under the policy as such. The contract contemplates that it shall be occupied as a dwelling. Its occupancy, for the purpose of storing tools, jars, etc., did not comply with the condition against the vacancy of the building. In support of the foregoing views and conclusions, see *Dennison v. Phœnix Ins. Co.*, 52 Iowa, 457; *North American Ins. Co. v. Zaenger*, 63 Ill., 464; *Ashworth v. Builders' Mut. Fire Ins. Co.*, 112 Mass., 422; *Poor v. Humboldt Ins. Co.*, 125 Mass., 274; *Corrigan v. Connecticut Fire Ins. Co.*, 122 Mass., 298; *Cook v. Continental Ins. Co.*, 70 Mo., 610; *Keith v. Quincy Mut. Ins. Co.*, 10 Allen, 228; *Herrman v. Adriatic Ins. Co.*, 85 N. Y., 163; *Wustum v. City Fire Ins. Co.*, 15 Wis., 139; *Paine v. Agricultural Ins. Co.*, 5 N. Y. Sup. Ct., 619.

III. Counsel for plaintiff present more than one argument, based upon the language of the policy, to support their position that the condition as to the occupancy of the house is applicable only to the contract of insurance against fire. One of the conditions provides that defendant shall not be liable for loss by storm caused through gross negligence of the assured. Counsel think that this condition secures the care to the building required of the assured, and therefore the condition as to occupancy, being unnecessary for that purpose, was

not intended to apply, except to cases of loss by fire.    But
the condition just referred to requires care when the house is
occupied; the other provides that vacancy of the building
shall defeat recovery.    The two conditions do not require
the same acts of care over the building.    Hence the one can
not be regarded as superseding the other.

IV.    Counsel also argue that the condition requiring
occupancy applies to the land upon which the house is sit-
uated, and that, as it was occupied, the condition has been
performed.    The ground of this position is that the land is
particularly described, and the condition declares that if the
*premises* are vacant, the policy shall become void.    Counsel
think that the word " premises " refers to the land as well as
the house.    This cannot be admitted.    The land is described
in order to designate the location of the house; the land is
not insured, the house is.    It is very plain that the word
" premises " refers to the property insured.

It becomes unnecessary to consider other questions argued
by counsel, for the reason that the point we determine is
decisive of the case.

The judgment of the circuit court is

AFFIRMED.