# German Insurance Company v. Jacob T. Gibe, for His Own Use and for the Use of W. P. Minnich.

1. INSURANCE—*Change of Title.*—Where a clause in a policy of insurance provided that in case any change should take place in the title or possession of the property insured without the consent of the insurer, the policy should be null and void, and such a change by warranty deed from the insured being shown to establish a defense to an action on the policy, it is competent for the plaintiff to show by parol evidence that notwithstanding such conveyance, the insured in fact remained the owner and in possession of the property, no change of title being effected; and thus show that no increased hazard had been imposed upon the company, and the purpose of the condition not defeated.

2. SAME—*Conditions of Policy—What is a Change of Title.*—The object of the condition in a policy of insurance, rendering it void if any change in the title of the insured property shall take place, is that the interest shall not change, so that the insured shall have a greater temptation or motive to burn the property, or less interest and watchfulness in guarding and protecting it from destruction by fire. Any change of title in or transfer of interest in the property of a nature calculated to have this effect, is a violation of the policy; but if the real ownership remains the same, if there is no change of the fact of a title but only in the evidence of it, the change being merely nominal, and not of a nature calculated to increase the motive to burn or not guard the property from fire, the policy is not violated.

3. SAME—*Waiver of Notice in Writing.*—Where the insured orally notified the agent who issued the policy, of a loss, and he did not object to the notice at the time, it was held that the right to a notice in writing as required by the policy was waived.

Assumpsit, on a policy of insurance. Appeal from the Circuit Court of Pulaski County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

## STATEMENT OF THE CASE.

This was a suit in assumpsit by appellee against appellant upon a policy of insurance to recover loss on dwelling house insured for $1,300, and on household furniture and other enumerated articles of personal property therein, insured for $200, loss, if any, payable to W. P. Minnich and assured, as their interest may appear.   The policy was dated April 10,

1891, and ran for five years, and the fire occurred August 20, 1893. The general issue and a number of special pleas were interposed, upon which issues were joined, and replications to other special pleas were filed, to which replications demurrers were interposed and overruled, and defendant stood by its demurrers. The cause was tried on defenses set up in plea of general issue, pleas averring change of title after the issuance of policy and pleas averring mortgage or incumbrance. The verdict was for appellee, with damages assessed at $1,500. Appellant thereupon filed motion for judgment *non obstante verdicto*, upon the ground that the case was tried on immaterial issues, which motion was overruled; then filed motion to award a repleader upon the same ground, which was also overruled. Defendant then entered motion for a new trial, which was overruled, and then a motion in arrest of judgment, which was overruled, and judgment was entered for plaintiff on the verdict for $1,500 damages and costs of suit. Appellant then took this appeal, and in its printed brief and argument relies on the following reasons for reversal :

We complain of the rulings of the court: 1. In the matter of overruling demurrer to replications to fourth, fifth and sixth pleas, and contend that replications confessed pleas and set up no sufficient or proper matter in avoidance, hence the demurrer should have been sustained. 2. That the evidence as to verbal notice of loss given to local agent was improperly admitted. 3. That the evidence of statements made by local agent as to the denial of liability by defendant was improperly admitted. 4. That the evidence of contemporaneous verbal agreement, and the conversations relative to object, purpose and consideration of deeds and the verbal arrangement between the grantor and grantee of same, was improperly admitted. 5. That the testimony of Jacob T. Gibe and W. T. Freeze as to what was said by Adam Gibe and themselves at time of making of deed was improper. 6. That the court improperly stated the law in instructions of plaintiff as to the changing, varying and modifying sealed instrument by parol proof of un-

derstanding and intention of parties thereto, and as to consideration therein being changed by parol evidence. 7. That defendant's instructions were improperly modified by the court, so as to state in effect that parol testimony was proper to be considered, as changing, altering or varying the terms, conditions and consideration of sealed instruments. 8. That defendant's instructions were many of them refused improperly. 9. That defendant's motions for judgment, notwithstanding verdict, for a repleader, for new trial, and in arrest of judgment, should not have been overlooked, and that judgment should not have been for plaintiff.

WHITNEL & GILLESPIE, attorneys for appellant.

LANSDEN & LEEK, attorneys for appellee; L. M. BRADLEY, of counsel.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

We are of opinion the court did not err in overruling demurrers to replications to fourth, fifth and sixth pleas, and that matter in avoidance of defense set up in each of said pleas is sufficiently set up. The objection that evidence was improperly admitted to show verbal notice of the loss to defendant's local agent, is immaterial. No objection was made by the agent on the ground it was not in writing, thus giving the assured the opportunity to put the notice in writing, if the information conveyed by the verbal notice was insufficient or unsatisfactory, and by the terms of the policy no forfeitures could be declared for failure to give a written notice, and liability for the loss is not avoided by the omission to give that particular character of notice. The third objection is that denial of defendant's liability by its local agent was improperly admitted in evidence. This was admitted, we presume, to establish a waiver of the proof of loss, as required by a conditi n of the policy. The person who made the statement objected to was Weremburg, who was shown to then be defendant's agent, and

German Ins. Co. v. Gibe.

proof was also made by plaintiff showing him to be the agent who delivered the policy to appellee and received the cash premium from him. Such being the proof, the waiver of the agent bound the company. Man. & Mer. Ins. Co. v. Armstrong, 145 Ill. 469, and cases cited in the opinion; Phœnix Ins. Co. v. Strong, 149 Ill. 518. But it was admitted on the trial by appellant, and so appears in the record, that proof of loss was mailed to and received by it, before the expiration of sixty days from date of fire. Hence the condition of the policy in that regard was complied with and no forfeiture for non-compliance therewith was incurred, and whether or not there had been a waiver of such condition binding on appellant is immaterial. The substance of the fourth and fifth objections appears in the fourth, viz., that the evidence of contemporaneous verbal arrangement and the conversations relative to the object, purpose and consideration of deeds, and the verbal arrangement between the grantor and grantee of same, was improperly admitted. A clause in the policy provided that if the property shall hereafter become mortgaged or incumbered, or in case any change shall take place in the title or possession (except by succession by reason of the death of the assured) of the property herein named, or if the assured shall not be the sole and unconditional owner in fee simple of the said property, or if the risk be increased in any manner, except by the erection and use of ordinary out-buildings, without consent indorsed hereon, then in each and every one of the above cases this policy shall be null and void.

A warranty deed from the assured and wife to his father, Adam Gibe, dated August 7, 1891, duly acknowledged and recorded, conveying said real estate, subject to the Minnich mortgage bond for a deed for same property, of same date, by, Adam Gibe to the aforesaid, quit-claim deed to Adam Gibe, of same property, and quit-claiming all interest in said bond, dated October 17, 1891, duly executed, acknowledged and recorded, and quit-claim deed from Adam Gibe and wife, to assured, conveying said property, dated September 15, 1895, made after the fire, were read in evidence on behalf

of defendant, to establish the several defenses set up in the pleas upon which issues were joined, averring change of title after issuance of policy, and averring mortgage or incumbrance. These instruments, taken by themselves, would support such defenses and show a violation of conditions of the policy, inserted for the purpose of protecting appellant from increased hazard, for which violation forfeiture would be incurred. But in this class of cases it is competent, by parol evidence, to show that notwithstanding these conveyances were made to Adam Gibe, yet in fact the assured remained the owner and in possession of the premises, and no change of title had been effected, and thus show no increased hazard had been imposed upon appellant, and the purpose of such conditions had not been defeated.

In Tillson v. Moulton, 23 Ill. 648, it is held that the fact land is conveyed only as security for debt may be shown in law or equity by parol evidence, although a written defeasance may be in existence. The same rule is held in Smith v. Cramer, 71 Ill. 187. It is said : The character of a transaction may be shown by parol evidence, and that which purports to be a conveyance in fee may be, nevertheless, shown to be a mortgage only. See also Workman v. Greening, 115 Ill. 480. In Scammon v. Commercial Ins. Co., 20 Ill. App. 505, a construction is given to the condition in a policy against alienation, to the effect it was such a sale or disposition of property as caused all interest in or control over the property to cease, citing Ayers v. Hartford Ins. Co., 17 Iowa 173, where the court, in determining what transfer or change of title would avoid the policy, say : The object of the insurance company by this clause is that the interest shall not change, so that the insured shall not have a greater temptation or motive to burn the property, or less interest and watchfulness in guarding and protecting it from destruction by fire. Any change of title in, or transfer of interest, in the property, of a nature calculated to have this effect, is in violation of the policy; but if the real ownership remains the same, if there is no change of the fact of a title, but only in the evidence of it, and this latter change is

merely nominal, and not of a nature calculated to increase the motive to burn, or not guard the property from fire, the policy is not violated. Citing also, Lay v. Home Ins. Co., 24 Minn. 315; Orrell v. Hampton Fire Ins. Co., 13 Gray 431, and other cases.

In Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213, it was contended the alienation clause of the policy had been violated, and in the opinion it is said: "It appears when the property was insured, Eddy was only the owner of the equity of redemption, Town then holding a mortgage on the premises, and loss, if any, payable to him as his interest might appear. Subsequently appellee conveyed the premises, with other property, to Brown, and he at the same time, and as a part of the same transaction, gave back a defeasance to appellee. This arrangement was made to enable Eddy to take up his mortgage to Town, which was done, and to procure means for other purposes. That this conveyance and defeasance only constituted a mortgage is so obvious that the citation of authorities to establish the position is wholly unnecessary."

The foregoing cases, and several others cited in his brief, support the contention of appellee that the real character of the transaction between appellee and his father, averred to be in violation of the conditions of the policy, is a matter pertinent to the issue and proper to be inquired into, and may be shown by parol evidence. It appears from the testimony of appellee, his father, and the lawyer who prepared deed and bond for a deed, that the first deed was given to Adam Gibe for the purpose of enabling him to procure money on the land and pay the Minnich mortgage, and a sale was not intended, and at the same time the bond was given so that in case the father died, his other heirs could not take the land from appellee. Failing to get the money with the bond on record, appellee gave the quit-claim deed releasing his interest in the bond and property, to remove this obstacle, but the father never did get any money on the land nor pay appellee any consideration for the deed. Appellee continued in the possession of the premises, claiming to be the owner, and held the policy.

We find from the evidence that appellee remained the real owner of, and in exclusive possession of the premises from the date of the policy up to and at the time of the fire, and that no change of title was, in fact, effected by reason of said conveyances to Adam Gibe, and no mortgage or incumbrance was thereby created. We hold, therefore, the conditions of the policy mentioned in the pleas were not violated and the defenses set up in the pleas were not established by the evidence. The sixth, seventh and eighth objections relate to the rulings of the court in giving certain instructions for plaintiff, modifying certain instructions for defend-. ant and refusing others. The instructions for plaintiff objected to were in conformity with the rules announced in the authorities we have cited, and stated the law correctly. The court properly modified defendant's instructions to conform to the same rules, and properly refused to give defendant's refused instructions. Defendant's motion for judgment, notwithstanding verdict, for a repleader, for new trial, and in arrest of judgment, were properly overruled. The issues tried were material issues. The evidence justified the verdict, and no good reason for arresting the judgment appears in the record, or is shown in appellant's brief.

The judgment is affirmed.