LOIS STOLTENBERG, Appellant, v. THE CONTINENTAL INSUR-
ANCE COMPANY.

**Insurance:** VACANCY. A policy of fire insurance conditioned that it shall be void if the building covered by it "be or become vacant or unoccupied" is invalidated where at the time loss occurred the premises had been vacated by a tenant and were not occupied by a subsequent lessee.

SAME. Farm buildings are not "occupied" within the meaning of an insurance policy stipulating that it shall be void if the insured property becomes vacant or unoccupied, when the premises were rented and cultivated by one who lived near by but made no use of the farm dwelling house.

**Evidence:** HEARSAY. Testimony that witness heard another tell insurer's agent that he was occupying the insured premises is hearsay as against the insurer.

ADMISSION. A letter written by an insurance agent to its general adjuster, that the premises had been let and sublet, and the sub-tenant had left them about three hours before the fire, is not an admission of their occupancy.

PRESUMPTIONS. A building proved to have been vacated by a tenant will be presumed to have been unoccupied at the time of a fire which occurred shortly thereafter unless it is shown that a subsequent lessee had taken possession.

*Appeal from Dickinson District Court.*—HON. W. B. QUAR-
TON, Judge.

MONDAY, OCTOBER 24, 1898.

ACTION on fire insurance policy.   Judgment for defend-ant on verdict directed by the court, and plaintiff appeals.—
*Affirmed.*

*J. W. Cory* for appellant.

*McVey & McVey* for appellee.

LADD, J.—The policy of the defendant, dated September 30, 1892, covered the dwelling house and barn situated on plaintiff's farm, in Osceola county, consumed by fire May 20, 1893. On May 25th of the same year its agent at Lake Park mailed to the general western agent of the defendant particulars of the loss, as required, on one of its blanks. This was not accompanied by any affidavits or proofs of loss, and none were ever furnished. The plaintiff alleged waiver of such proofs, and the defendant pleaded forfeiture of the policy by reason of the transfer of title, and vacancy of the building. At the conclusion of the plaintiff's evidence, the jury, under the instructions of the court, returned a verdict for the defendant. Conceding that the company's adjuster, Henry Paine, had authority to deny liability, and that such denial dispensed with proofs of loss, as a useless ceremony,—*Boyd v. Insurance Co.,* 70 Iowa, 325; *Carson v. Insurance Co.,* 62 Iowa, 440; *Tayloe v. Insurance Co.,* 9 How. 390; *Western Home Ins. Co. v. Richardson,* 40 Neb. 1 (58 N. W. Rep. 597),—the ruling of the district court must be sustained because of the vacancy of the building. The policy contains a condition that it shall be null and void if the building insured "be or become vacant or unoccupied," and to this especial attention is directed in another portion of the contract. The vacancy of the buildings at the time of the fire is established by the undisputed evidence. The plaintiff was about to leave Lake Park in the spring of 1893, and directed M. D. Green to rent the farm on which these buildings were located, to another, in event the tenant concluded to move away. Upon being informed the tenant had left, Green leased the premises to one Smith, living south of the land. Green testified: "I cannot give you the name of the man who occupied the premises when plaintiff left. I didn't know him. It was a man with his family, living on the land. I do not know how long he had

been living there. When I went down to rent the farm, the plaintiff's man who had been living on it had just moved out. Mr. Smith, to whom I rented this farm, lived south of this land. I do not think Mr. Smith lived on the land, or moved onto it. The contract between Mr. Smith and me was verbal. He was to pay grain rent. I don't think Mr. Smith was actually living on the land when the fire occurred." From this it clearly appears that the tenant in possession when the policy was issued had vacated the buildings a short time before the fire, and that they were not occupied by the subsequent lessee. On cross-examination, Green stated that he heard one Bowden tell Paine that he was occupying the buildings when the fire occurred, and this was stricken out because incompetent and hearsay. That it was hearsay admits of no doubt. If plaintiff claimed such occupancy, Bowden or others who knew the facts should have been called to so testify. The buildings, appearing to have been recently vacated by the tenant, are presumed to continue in that condition, unless shown to have been subsequently occupied. A letter by Paine to the general adjuster, dated June 20, 1893, was received in evidence, and it contained this statement: "The farm has been rented to a Mr. Smith, living near, and he had sublet the buildings to a single man, who was running a breaking outfit. He left the place about 7 A. M., and fire was discovered between 10 and 11 A. M.; all the farm buildings being destroyed." But this does not admit the occupancy of the buildings. It goes no further than stating they had been sublet. Whether the man had moved into the house, or was living there, is not disclosed by the record.

The appellant insists that change of possession is not pleaded. While the policy prohibits any such change, the defendant does not urge forfeiture on that ground. But that the policy was suspended because the buildings were vacant and occupied is expressly averred in the answer.

We understand the appellant to say that the control and use of the premises by Smith as tenant, without living in

the house, would obviate this condition of the policy. To this we cannot assent. Occupancy of a house implies its actual use as a dwelling house; and that of the barn, its use as is ordinarily incident to a barn belonging to an occupied house. The insurer has a right to the care involved in such an occupancy. *Ashworth v. Insurance Co.,* 112 Mass., 422. A house is unoccupied when no one is living in it. *Cook v. Insurance Co.,* 70 Mo. 612; *Insurance Co. v. Padfield,* 78 Ill. 169; *Feshe v. Insurance Co.,* 74 Iowa, 677; *Dennison v. Insurance Co.,* 52 Iowa, 457; *Sexton v. Insurance Co.,* 69 Iowa, 99; *Herman v. Insurance Co.,* 85 N. Y. 163; *Weidert v. Insurance Co.,* 19 Or. 261 (24 Pac. Rep. 242).

As the undisputed evidence showed the policy void because of the buildings being unoccupied at the time of the fire, the ruling of the district court in directing a verdict must be approved. Our conclusion renders unnecessary any ruling on the motions filed. Affirmed.