# Schloss & Kahn v. Westchester Fire Insurance Company.

*Action on Fire Insurance Policy.*

1. *Fire insurance policy; conditions against alienations.*—Conditions in fire insurance policies against the alienation of the property insured are ordinarily intended to provide only against charges in ownership which might supply a motive to destroy the property insured or weaken the interest of the insured in its protection; and, therefore, dealings or transfers of the property not calculated to produce any such effect, do not, by reason of such conditions, avoid the policy.
2. *Same; same; pleading; case at bar.*—In an action upon a fire

[Schloss & Kahn v. Westchester Fire Insurance Co.]

insurance policy, pleas which aver that prior to the fire insured sold the property insured, as evidenced by a bill of sale therefor, and that therefore said policy became void in accordance with the provisions thereof, that "any change in either the title or possession of the subject of insurance," should render void said policy, are sufficiently met by replications which, though not denying the sale referred to in the pleas, aver that said sale by the insured was made to the vendee under the express agreement on the latter's part that he would immediately resell the property to the insured, which resale was made by the vendee, and that, therefore, there was no change in the possession or ownership of the insured property.

3. *Same; same; proof of loss; what need not contain.*—A provision of a fire insurance policy requiring a sworn statement in writing to be made by the assured to the company within 60 days after loss. stating, among other things, "the interest of the insured and of all others in the property," and "any changes, if any, in the title, use, occupation, location, possession, or exposure, of said property, since the issuing of this policy," is not breached by the failure of the assured to state in said proof of loss the fact that he had made a bill of sale of the insured property eleven days before the fire, and during the existence of the policy, if no change was made in the possession of such insured property.

4. *Proof of loss; authority of agent to receive same.*—In an action upon a fire insurance policy, where it is shown that local agents of the defendant company, at the place where the fire occurred, hold a commission in writing, stating that their authority was "to receive proposals for and make insurance policies to be countersigned by them, to renew the same, to consent to assignments and transfers, and to perform all lawful acts and business of such agency, subject to rules and regulations of the company, and such instructions as may be given from time to time by its officers or general agents," and it further appeared that such agents issued the policy sued on, furnishd to the attorney for plaintiffs blank forms for proof of loss after being referred to for that purpose by the company's adjuster, and that the company used and published a blotter on which their said agent's name appeared as said company's agents; it is a question for the jury to determine whether such agents had authority to receive the proof of loss required by the terms of the policy as a condition precedent to the recovery thereon.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. J. C. RICHARDSON.

This was an action brought by the appellants against the appellee, and counted upon a fire insurance policy which was issued by the defendant to one James E. Mosris, which policy, it is averred in the complaint, became, after the destruction of the property by fire, the property of the plaintiff, and was the property of the plaintiff at the time of the institution of the suit. The defendant pleaded the general issue and 12 special pleas. The second special plea was in words and figures as follows:

"Second: That in and by the terms of the policy sued upon which said suit is instituted, it is provided that: "This entire policy, unless otherwise provided, by agreement, endorsed hereon, or added hereto, shall be void if any change, other than by the death of the insured takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment, or by voluntary act of the insured, or otherwise." And defendant avers that on, to-wit, the 27th day of November, 1901, a change did take place in the subject of insurance, in this, to-wit: That the insured did, at the time above stated, execute to W. F. Vandiver & Co., or to Terry Richardson, as agent for W. F. Vandiver & Co., a bill of sale to the property, the subject matter of said insurance, wherefore, defendant says that plaintiffs cannot maintain this suit."

The 3rd, 6th, 9th, 10th, 11th and 12th pleas set up substantially the same defense as that contained in the 2nd special plea. The 7th special plea was as follows: "Seventh: That by the terms of the policy sued upon, it is provided that the insured "within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured, and of all others in the property; the cash value of each item thereof, and the amount of loss thereon; all incumbrances thereon;

all other insurance, whether valid or not, covering any
of said property; and a copy of all the descriptions and
schedules in all policies; any changes in the title, use,
occupation, location, possession, exposures of said prop-
erty, since the issuing of this policy." And defendant
avers that the insured failed to comply with this pro-
vision of said policy, in that the insured, filed such state-
ment on the 60th day after the fire with Wilson, Ad-
ams & Co., the local agents of the defendant, at Green-
ville, Ala., who were not authorized or empowered to
receive such proof of loss, on the part of the company,
or to bind the company in regard to the same; and de-
fendant avers that such proof of loss was forwarded by
said Wilson, Adams & Co. to George N. Hurt, at At-
lanta, Ga., who received the same subsequently to the
expiration of 60 days from the date of the fire, and the
said Hurt forwarded the same to the defendant com-
pany at New York, the same being received by the de-
fendant after the expiration of sixty days from the date
of the fire; and defendant further avers that this is the
only proof of loss, under said policy that has been receiv-
ed by or filed with the defendant, on the part of the in-
sured, wherefore defendant says that plaintiffs cannot
maintain this suit."

The 8th special plea set up the same defense as did
the 7th. Plaintiff's demurrers to the 4th and 5th special
pleas were sustained, and it is therefore unnecessary to
set said pleas out at length.

The plaintiffs, by general replication joined issue on
the special pleas, to which demurrers were not sustained,
and filed special replications to the defendants' pleas,
Nos. 2, 3, 6, 9, 10, 11 and 12. These replications were as
follows:

"(A)    That the property, the subject of insurance,
was in possession of J. E. Morris, the insured, at the time
of the alleged sale; that said Morris never parted with
the actual possession of the same and that without said
Morris ever going out of the actual possession of the
said property, the same was at the time of the alleged
sale named in said pleas immediately resold to said Mor-
ris, and that he immediately became the owner thereof,

and that title to and possession of said property continued to be in the said Morris, and was his when the same was destroyed by fire.

"(B) That the property, the subject of the insurance, was in the possession of J. E. Morris, the insured, at the time of the alleged sale, that said Morris never parted with the actual possession of the same, and that without said Morris ever going out of the actual possession of said property the same was sold by said Morris with the express understanding that the same should be immediately resold by the vendee to said J. E. Morris, the insured; that this was done and said Morris, the insured, continued in the possession and ownership of said property, the subject of insurance until the same was destroyed by fire.

"(C) That the property, the subject of insurance, was in the possession of J. E. Morris, the insured at the time of the alleged sale; that said Morris never parted with the actual possession of the same and that without his ever going out of the actual possession thereof, and as a part of the same transaction, the said Morris sold said property with the express understanding that the same should be immediately resold by the vendee to said J. E. Morris, the insured, which was done, and said Morris continued in the possession and ownership of said property, the subject of insurance, until the same was destroyed by fire.

"(D) That the property, the subject of insurance, was in the possession of J. E. Morris, the insured, at the time of the alleged sale, that said Morris never parted with the actual possession of the same, and that without his ever going out of the actual possession thereof, and as a part of the same transaction, the said Morris sold said property for the purpose of paying an indebtedness due and owing by him to W. F. Vandiver & Co., with the express understanding that the same should be immediately resold by the vendee to said J. E. Morris, the insured, which was done, and said Morris continued in possession and ownership of said property, the subject of insurance until same was destroyed by fire."

To special pleas 7 and 8, the plaintiffs filed special replications, in which they averred that Wilson, Adams & Co., were authorized to receive said proof of loss on behalf of the defendant, and that the provisions of the policy referred to in said pleas, were complied with by delivery to said Wilson, Adams & Co., of the proof of loss duly verified by oath within 60 days after the fire.

To the said replications to pleas Nos. 2, 3, 6, 9, 10, 11 and 12, respectively, the defendants demurred separately upon the following ground: 1. Said replications confessed the allegations of said pleas, and failed to set up any changes in avoidance thereof; 2. Said replications showed on their faces the change of title or interest in the insured property. 3. Said replications showed the invalidity of the policy issued by a change in the title, or enirtest of the insured property by the insured, contrary to the terms of the policy as set out in said pleas. Each of these demurrers was sustained.

On the trial the plaintiffs introduced in evidence the policy of fire insurance sued on, which was issued by the defendant to J. E. Morris. This policy of insurance contained the provisions as copied and referred to in the pleas. It was shown that the property covered by the insurance policy was destroyed by fire on the 8th day of December, 1901. The policy of insurance contained an endorsement signed by J. E. Morris, in which he assigned to the plaintiffs all of his right, interest and claim in said policy. This assignment was dated December 9th, 1901.

It was shown by the evidence that on Nov. 27th, 1901, the attorney of W. F. Vandiver, to whom Morris was indebted, called upon Morris for a settlement of his indebtedness to said Vandiver & Co.; that as a means of adjusting the claim of Vandiver against Morris, Morris filed his claim of exemption to the property covered by the policy of insurance, and then executed a bill of sale to said property to W. F. Vandiver & Co., with the understanding that W. F. Vandiver & Co. would at once reconvey the property to Morris; that after the execution of said bill of sale by Morris to W. F. Vandiver & Co., the said W. F. Vandiver & Co. reconveyed the prop-

erty to said Morris, who thereupon executed his waive note to Vandiver & Co. for the amount of their claim against him; that both of these transactions occurred on Nov. 21st, 1901. The plaintiffs offered in evidence the proof of loss, and showed that said proof of loss was delivered to Wilson, Adams & Co. on Nov. 6th, 1902. This proof of loss did not contain any reference to the conveyance of the property by Morris to W. F. Vandiver & Co. on Nov. 27th, 1901, and no reference was made to such transaction. The evidence showed that the only proof furnished was delivered to the local agents of defendant on the afternoon of the 60th day, and by them mailed to a special agent at Atlanta, Ga., on that day, but which could not have reached him until the morning of the 61st day. The authority of the local agents is fully set out in the opinion.

Upon the introduction of all the evidence, the plaintiffs requested the court to give to the jury the general affirmative charge in their behalf, and duly excepted to the court's refusal to give such charges as asked. The court, at the request of the defendant, gave the general affirmative charge in its behalf, and to the giving of this charge, the plaintiffs duly excepted.

There were verdict and judgment for the defendant. The plaintiffs appeal and assign as error the rulings of the trial court upon the pleadings, and the rulings of the court upon the trial, to which exceptions were reserved.

POWELL, HAMILTON & STEINHART, and TERRY RICHARDSON, for appellants.

Appellee's demurrers to the special replications should have been overruled, notwithstanding the sale the insured continued to retain the possession of the property. If a sale is never carried out, or the property is conveyed and the bargain thrown up, and the vendor in possession at the loss, the policy has been held not avoided.—1 Biddle on Insurance, § 206, page 202; *Jones v. Capital City Ins. Co.*, 122 Ala. 427; 1 May on Insurance, § 265; *West Branch Insurance Co. v. Helfenstein*, 40 Pa. St. 289; *Power v. Ocean Ins. Co.* 19 La. 28; *Lane v. Maine Mut. Fire Ins. Co.* 3 Fair, (Me.) 44.

There was a sufficient delivery of the proof of loss. Wilson, Adams & Co. were agents of the defendant with full authority to receive the proof of loss.—*Syndicate Insurance Co. v. Catchings,* 104 Ala. 176; *Robinson v. Aetna Ins. Co.,* 128 Ala. 477.

HARMON, DENT & WEIL, *contra.*—Where a policy of insurance contains a stipulation against alienation of the property insured, and provides that the policy shall be vitiated by such alienation, any sale, or alienation of the property vitiates the policy, and a reconveyance of the property to the assured before the loss does not reinstate or make valid the policy.—*Cockrell v. Cinti. Ins. Co.,* 16 Ohio 148; *Worthington v. Bearse,* 12 Allen (Mass.) 382.

(2.) A compliance with the conditions of an insurance policy to furnish proof of loss in the manner required is a condition precedent to a recovery under the policy.—*Central Etc. Ins. Co. v. Oates,* 86 Ala. 558; *Fire Insurance Companies v. Felrath,* 77 Ala. 194.

(3) Our contention is most amply sustained by an Ohio case,—*Cockrell v. Cincinnati Insurance Company,* 16 Ohio, 148, which is almost identical with the case at bar. In that case, the property covered by the policy was a steamboat which was sold at judicial sale, after the issuance of the policy, and before the loss, and afterwards and also before the loss was reconveyed to the assured, and was in the possession of the assured at the time of the loss. The Court, in that case, makes use of the following language, on page 165: "The policy was at an end by the transfer of the entire interest of the insured by judicial sales. Upon a loss happening after this sale no one could have enforced the original policy; it was at an end; or, at least, its obligation was destroyed by a termination of the interest of the insured. The boat was discharged of the policy. The repurchase of the boat by the insured would not reinstate the policy. See also *Worthington v. Bearse,* 12 Allen (Mass.) 382. The policy provided, that, in case of loss, the assured, within sixty days, should render to the company a statement which should show, among other things, any change in the title, use, occupation, location, possession

or exposure of the property covered by the policy. The performance of this stipulation was a condition prece dent to the right of recovery.—*Central Etc. Ins. Co. v. Oates,* 86 Ala. 538; *Fire Ins. Co. v. Felrath,* 77 Ala. 194.

SHARPE, J.—Conditions in policies of insurance against alienation of the insured property are ordinarily construed as intended to provide only against changes in ownership which might supply a motive to destroy the property or which would weaken the interest of the insured in protecting it; hence dealings with the property not calculated to produce any such effect do not, by reason of such conditions, avoid the policy.—1 May on Insurance, § 273; Ostrander on Insurance, (2nd ed.) p. 264; Biddle on Insurance, § 206; *Russell v. Cedar Rapids Insu. Co.,* 78 Iowa, 176; 85 Am. Dec. 553; *German Insu. Co. v. Gide,* 59 Ill. App. 614; *Lane v. Maine Mut. Fire Insu. Co.,* 3 Fair (Me.) 44.

Replications A, B, C and D each purport to show that the sale by Morris the insured, alleged in pleas 2, 3, 6, 9, 10, 11 and 12, respectively, was without any change of possession and was attended immediately in the same transaction by a resale of the property, which at the close of the transaction left Morris with the same title and interest he had at its beginning. This was not an alienation which could have had effect to prejudice the defendant in respect of the risk assumed by the policy, or one amounting to a change of title, interest or possession within the meaning of that clause of the policy which provided such change to be rendered the company within sixty days after the fire. The demurrers to these replications should have been overruled.

On th issue as to whether proof of loss was furnished within sixty days from the fire in accordance with the terms of the policy there was evidence that such proof was on the sixtieth day after the fire, left with Wilson, Adams & Co., the defendant's agents at Greenville and was by them mailed on the same day to defendant's special agent at Atlanta where they were due to arrive about the end of that day; that Wilson, Adams & Co., held a commission in writing whereby they were in terms

authorized to receive proposals for and make insurance by policies of defendant to be countersigned by them, to renew the same, to assent to assignments and transfers and "to perform all lawful acts and business of such agency, subject to rules and regulations of the company and such instructions as may be given them from time to time by its officers or general agents." There was evidence also that defendant had issued an advertisement of its business on a blotting pad on which was printed the words "Wilson, Adams & Co., Agents, Greenville, Ala.," that these agents issued this policy and collected premiums thereon, that they had in possession blanks for proofs of loss and furnished plaintiff's attorney with the blanks on which this proof was made and that the attorney had by defendant's adjuster been referred to these agents as persons who might furnish such blanks. This evidence was not incapable of affording an inference that Wilson, Adams & Co., in receiving the proof of loss were acting within the scope of their authority, and was therefore sufficient to carry this question as one of fact to the jury. See *Syndicate Insu Co. v. Catchings,* 104 Ala. 176; *McCullough v. Phoenix Insu. Co. of Hartford,* 21 S. W. Rep. 207.

The assignments of error based on demurrers to pleas have not been insisted on by argument and are therefore not considered.

Reversed and remanded.