B. A. CONE, v. CENTURY FIRE INSURANCE COMPANY, Appellant.

**Insurance:** FORFEITURE: CHANGE OF TITLE OR INTEREST. A conveyance or mortgage of insured property which is not intended by the parties to effect the transfer of any right, title, interest or right of possession, but simply to place the naked title in the grantee, or an apparent lien only upon the property for entirely other reasons, does not invalidate a policy of insurance providing that any change or diminution in the interest, title or possession of the insured shall work a forfeiture.

**Same.** Where the evidence is undisputed that a deed or mortgage was given wholly without consideration and with no intent to pass any title or interest in the property, the presumption arising from the recital of a consideration in the instrument is not sufficient to raise a conflict in the evidence requiring a submission of that issue.

**Same:** CHANGE IN OCCUPANCY. When so stipulated in the policy a change in the use and occupancy of the premises will avoid the contract: and where there is evidence tending to show that the premises were occupied as stated in the application at the time the insurance became effective, and that it was vacant at the time of the fire, the question of change in occupancy should be submitted.

**Same:** PLEADING: VACANCY. The answer, in an action on an insurance policy providing that if the buildings become vacant or unoccupied it will avoid the policy, which alleges that the possession and occupancy of the premises was changed and ceased to be occupied as provided in the policy, was sufficient to raise the question of vacancy at the time of the loss.

**Change in occupancy:** BURDEN OF PROOF. An insurance company is not required to prove that a change in the use or occupancy of insured property in violation of the terms of the policy rendered the risk more hazardous.

*Appeal from Benton District Court.—* HON.   G. W. BURN-
HAM, Judge.

THURSDAY, JULY 9, 1908.

SUIT on a fire insurance policy.   There was a directed
verdict for the plaintiff, and from a judgment thereon the
defendant appeals.— *Reversed.*

*Read & Read,* for appellant.

*Wade, Dutcher & Davis,* for appellee.

SHERWIN, J.— The policy in suit was issued on the
15th day of September, 1904, for a period of five years,
and covered certain buildings and the furniture and fixtures
in one of said buildings.   It contained the proviso:  " This
entire policy shall be void if  .  .  .   there be any contract
of sale or to sell the subject of insurance or any part thereof
.  .  .   or if the subject of insurance or any part thereof
be or become incumbered by mortgage,  .  .  .   or if any
change or diminution, other than by the death of the in-
sured, take place in the interest, title or possession of the
subject of insurance,  .  .  .   or if any other person than
the insured now have or shall thereafter acquire any interest
in or lien on the property hereby insured or any part
thereof."   Subsequent to the issuance of the policy, and
before the fire, the plaintiff executed a warranty deed to his
sister, Mrs. E. F. Gates, conveying the real estate on which
the insured buildings stood, and for an expressed considera-
tion of $3,000.   This deed was recorded, and the record
title remained in Mrs. Gates until a short time before the
fire.   On the same day that the plaintiff conveyed the land
to Mrs. Gates, he executed to the First National Bank of
Windom, Minn., a mortgage on the insured property, pur-
porting to secure a note of $2,000, and the deed to Mrs.

Gates was made subject to this mortgage.  This mortgage was also recorded.  At the time the deed to Mrs. Gates was prepared for the signature of the plaintiff, a deed from her to the plaintiff reconveying to him the land was also prepared.  Mrs. Gates was not present when these deeds were drawn, but the plaintiff had told her that he wished to place the title in her name for the purpose of avoiding trouble relative to the taxes on merchandise and to take a deed back from her, and she had consented to the arrangement.  The deed to Mrs. Gates was first executed and was then delivered by the plaintiff to his brother with instructions to have it recorded.  It was recorded and was never in the physical possession of Mrs. Gates.  The deed from Mrs. Gates to the plaintiff was then taken to her home, where it was executed and delivered to the plaintiff.  The bank knew nothing about the execution of the mortgage until after it was made, when the plaintiff disclosed the fact to one of its officers and asked him to answer any inquiry about it by saying that it belonged to a client.  The plaintiff did not owe the bank, and it never had possession of the mortgage.  These facts were testified to positively by uncontradicted witnesses, and, aside from the presumption arising from the recitals of the instruments themselves, there is nothing in the record indicating different conditions.  Three defenses to recovery were interposed, as follows:  (1)  A change in the title and ownership of the insured buildings; (2) the buildings were incumbered by the mortgage made by the plaintiff to the bank; and (3) the premises were not at the time of the fire occupied and used as stated and warranted in the application and in the policy.

It was clearly the intention of the plaintiff and Mrs. Gates that the latter should take and hold the record title for the purpose of assisting the plaintiff to escape a possible lien on the property for taxes, and it was just as clearly their intention that no real change in interest or in title should take

1. INSURANCE: forfeiture: change of title or interest.

place by virtue of the transaction. There was therefore no actual diminution of interest or title because the parties did not so intend. Title to real estate may, of course, be acquired and lost by several methods; but, however acquired, one of the essentials ordinarily requisite to a good and perfect title is the right of possession, and a change for diminution "in the interest, title, or possession" must of necessity confer on the grantee something more than a mere paper title. In other words, to work such a change or diminution some right must in fact be conveyed. There was nothing of the kind here. No interest was in fact transferred, and no possession or right of possession was in fact given. It is generally held that the object of the provision against a change in the title or ownership of the insured property is that the insured shall have no greater motive to destroy the property or less interest in protecting it. In *Ayers v. Insurance Co.,* 17 Iowa, 176 it is said, " The object of the insurance company by this clause is that the interest shall not change so that the assured shall have a greater temptation or motive to burn the property, or less interest or watchfulness in guarding and preserving it from destruction by fire. Any change in or transfer of the interest of the assured in the property of a nature calculated to have this effect is in violation of the policy. But if the real ownership remains the same, if there is no change in the fact of title, but only in the evidence of it, and if the latter change is merely nominal, and not of a nature calculated to increase the motive to burn, or diminish the motive to guard the property from loss by fire, the policy is not violated." See, also, *Ayers v. Insurance Co.,* 21 Iowa, 185; *Weigen v. Insurance Co.,* 104 Iowa, 410.

In the latter case a mortgage on the property had been given, but it was afterwards, and before the fire, satisfied of record and returned to the mortgagor. It was held that it did not invalidate the policy, which contained a provision against incumbrance. It was said: " The mortgage did

not affect any interest the plaintiff had in the property, and could not have been enforced by his brother. The moral hazard was not increased by it. The incumbrance to avoid a policy must be valid, not merely nominal, and such as would have a tendency to create or increase temptation or motive for the destruction of the property, or decrease the owner's interest in guarding and preserving it." On the same point, see, also, *Olmstead v. Insurance Co.*, 24 Iowa, 503. While none of these cases presented facts exactly like those involved in this case, the principle involved was the same, and they are clearly authority for the appellee herein. See, also, *German Ins. Co. v. Gibe*, 162 Ill. 251 (44 N. E. 490); *Kyte v. Insurance Co.*, 144 Mass. 43 (10 N. E. 518); *Schloss & Kahn v. Insurance Co.*, 141 Ala. 566 (37 South. 701, 109 Am. St. Rep. 58).

The rule of the cases cited also disposes of the appellant's contention relative to the mortgage to the Windom bank.

The appellant says, however, that the law presumes that the consideration recited in the deed and in the mortgage was the true consideration, and that such presumption raised a conflict in the evidence which should have taken the case to the jury on those two questions. There was no conflict in the testimony of the witnesses on these questions, and we think there can be no possible question as to the true nature of the transactions. The mere presumption arising from the recitals should not therefore be held sufficient to raise a substantial conflict in the evidence.

2. Same.

If it was not conclusively shown that the premises were not at the time of the fire occupied and used as stated in the application and policy, it was at least a question of fact for the jury, as was also the question whether facts were proven which would constitute an estoppel on the part of the appellant. There was evidence tending to show that when the application was

3. Same: change in occupancy.

made, and when the policy was issued the premises were occupied substantially as stated in the application, and that at the time of the fire they were vacant. A change in the use and occupancy of insured premises will avoid the policy where it is so stipulated. *Limburg v. Insurance Co.,* 90 Iowa, 709. And under the record in this case it was error not to submit this question of change and the question of estoppel to the jury.

The plaintiff seeks to avoid this conclusion by the contention that the answer pleaded a change of occupancy, as distinguished from a vacancy which the evidence tended to show. The defendant pleaded that after the issuance of the policy " the possession and occupancy of the buildings described therein and of said insured premises was changed, and said premises ceased to be occupied in fact as provided in the policy." The policy provided that it was to become void if the buildings became vacant or unoccupied. The pleading was sufficient. " The terms vacancy and nonoccupancy are used interchangeably and as equivalent in meaning." *Limburg v. Insurance Co., supra; Sexton v. Insurance Co.,* 69 Iowa, 99.

*4. SAME: pleading: vacancy.*

The appellee further says that under section 1743 of the Code the burden was on the appellant to prove that the change in the occupancy or use of the premises made the risk more hazardous; but by its express terms the section does not apply to provisions making void the policy for vacancy or unoccupancy.

*5. CHANGE IN OCCUPANCY: burden of proof.*

The judgment must be, and it is, *reversed.*