## Louisville German Mutual Fire Insurance Association v. Schneider.

(Decided June 8, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

Insurance—Effect of Contract Terminating Insurance When Property is Conveyed.—A provision in the charter of a small mutual fire insurance company, organized purely for the protection of its members and depending on the initiation fee to cover losses, that when a member disposed of his property by a recorded conveyance, this should terminate his membership as well as the liability of the company was valid, the conveyance by a member of the property terminated the insurance, although, under a private, unrecorded contract between the member and the grantee, the insured remained the beneficial owner of the property, and a few months thereafter it was reconveyed to him, and the fire did not occur until after the reconveyance.

FRED FORCHT and B. F. WASHER for appellant.

JAMES W. GARRISON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant insurance association was organized some sixty years ago under the laws of Kentucky, and

its business is confined to Jefferson County, Kentucky. It has no capital stock, and is sustained by membership fees and assessments made upon the members to meet liabilities as they arise. It appears that when a person desires to become a member of this association he is charged a membership or initiation fee based upon the estimated value of his property, and the nature of the risk assumed; and that this initiation fee has been sufficient to defray the expenses of the association during the entire period of its existence without making any assessments against or collecting any dues from the members. In short, it is, as set out in its charter, a purely mutual association, organized for the purpose of affording cheap but safe fire insurance to its membership, which is confined to a very small territory.

The charter of the association provides, in section seven, that "any person complying with the preceding sections, and their heirs and devisees, shall be regarded as members of the association, and the policy so held by them shall remain in force as long as the member conforms to the by-laws and rules governing the association, or until their membership is dissolved in a lawful way, or unless the property insured by them has been conveyed or sold and evidenced by a deed recorded in the Jefferson County Court Clerk's office."

In other words, when a person becomes a member of this association, and thereby secures the insurance it affords, he, as well as his heirs and devisees remain members, entitled to the protection afforded by the policy issued when the membership relation is created, so long as they conform to the by-laws and rules of the association or until their membership is dissolved or the property insured by them has been conveyed or sold and the sale or conveyance has been evidenced by a deed duly recorded. The initial insurance obtained by a member continues as long as the member lives and observes the rules and by-laws, and at his death is transmitted to his heirs and devisees. So that the initial charge for membership as well as insurance is not for any fixed period of time, but depends entirely on the continuance of membership and the observance of the by-laws and rules. But when a member of the association sells and conveys his property and the deed has been recorded, this at once ends his membership and terminates his right to insurance. In short, by this act the member

voluntarily severs his relationship with the association, ceasing to be a member and relinquishing his right to insurance.

In January, 1908, the appellee, Schneider, became a member of the association and secured fire insurance on certain described property to the amount of some $350. His membership and insurance continued until June 5, 1911, when he executed to Eugene Hubbard a deed conveying the fee simple title to the insured property, which deed was put to record in the clerk's office of the Jefferson County Court on the day of its execution. According to the charter and rules of the association this conveyance, when put to record, terminated the membership and insurance of Schneider, and thereupon the association terminated its relations with him as a member by striking his name from the membership. Some two years after this the property that had been insured was destroyed by fire, and when this happened Schneider presented a claim against the association for the loss sustained, and upon its refusal to recognize its liability in any sum or to pay any part of the insurance obtained when Schneider became a member, he brought this suit.

In avoidance of the clause in the policy that terminated his membership and insurance when he conveyed the property and put the conveyance to record, Schneider set up that, although the conveyance to Hubbard on its face purported to and did convey to him the fee, it was in fact a trust deed entered into for the purpose of effecting some arrangements that need not be here noticed; that simultaneously with the execution of the deed, Hubbard executed to him a writing by which he agreed on demand, or when the purposes that brought about the execution of the deed had been accomplished, to reconvey to him the property. That pursuant to this private written arrangement between them, which was not made a matter of record, Hubbard, on July 10, 1911, reconveyed the property to Schneider and he remained the owner of it from that time until its destruction in 1913.

It being admitted that the conveyance to Hubbard was in the nature of a trust pursuant to which Hubbard agreed to, and did, as before stated, reconvey the property to Schneider, the trial court held that as Schneider was really the owner of the property during the period the legal title was in Hubbard, the conveyance to Hub-

bard did not have the effect of severing his relation with the association or avoiding its obligation to pay the amount of the insurance effected when the membership was entered into.

If the rule that obtains in the construction of ordinary fire insurance policies in ordinary insurance companies should be applied to this transaction, much authority may be found supporting the decision of the lower court, as it is quite generally agreed that the validity of policies of this character is not affected when, notwithstanding a conveyance, the beneficial title and ownership remains in the insured, as was the case here. German Fire Insurance Co. v. Duncan, 140 Ky., 27; Lane v. Maine Mutual Fire Ins. Co., 12 Me., 44, 28 Am. Dec., 150; Power v. Ocean Ins. Co., 19 La., 28, 36 Am. Dec., 665; Commercial Union Assurance Co. v. Scammon, 126 Ill., 355, 9 Am. St. Rep., 607; Pomeroy v. Aetna Ins. Co., 86 Kansas, 214; Schloss v. Weschester Fire Ins. Co., 141 Ala., 566, 109 Am. St. Rep., 58; Tittemore v. Vermont Mutual Fire Ins. Co., 20 Vt., 546.

We think, however, that this case may be readily distinguished from the line of authorities holding, as do the cited cases, that there must be a real divesture of title or else the policy will not be avoided. In this case the insured, Schneider, was enabled to secure insurance in this association only by becoming a member and subjecting himself to the conditions attached to membership. The purpose of the association was to furnish at small cost insurance to its limited membership, under an agreement that the insurance should only continue so long as the member, or his heirs or devisees, observed the rules and by-laws of the association and continued to be the record owner of the property. When the insured conveyed the property and this conveyance was put to record, his membership at once ended, and when his membership terminated, the insurance attaching to the membership also ended.

We perceive no reason why the insured in an association like this may not agree on becoming a member that his membership and insurance shall be terminated when the insured property has been disposed of by him, as evidenced by a recorded deed. The association knew nothing of and had no connection with the private arrangement between the insured and Hubbard. The insured knew what effect the conveyance would have on

his policy, and if, when he subsequently came into the, title of the property, he desired to resume with the association the relations that had been severed by the recorded conveyance, he should have taken the matter up with the association; but this he did not do.

The fact that, under the arrangement with Hubbard, Schneider remained the beneficial owner of the property does not, as we look at it, affect the question here involved. The conveyance severed his connection with the association and the private arrangement between himself and Hubbard did not alter this condition. If some heavy loss had been sustained by the association after this conveyance was made and an attempt had been made by the association to assess Schneider, we have no doubt that he could have defeated the assessment upon the ground that he was no longer a member of the association. His liability as a member as well as the liability of the association as an insurer terminated when the conveyance was made.

Wherefore, the judgment is reversed, with directions to dismiss the petition.