C. W. Danels, Appellee, v. Farm Property Mutual Insurance Association of Des Moines, Appellant.

No. 40830.

November 17, 1931.

Starr & Jordan and Frank M. Beatty, for appellant.

James J. Jennings and Willcockson & Willcockson, for appellee.

Stevens, J.—Except the prayer of the petition for reformation of the policy, which is not controverted, this appeal brings to this court but a single question for decision, namely: Is a policy of fire insurance which provides that, "if there be a change in the occupancy or use of the property, making the risk more hazardous," the policy becomes void, violated if the building insured becomes vacant and the hazard is thereby increased?

The policy, which is dated August 26, 1925, covers a frame dwelling house occupied by a tenant. During the term of the policy, the building became vacant and, during the period of such vacancy, was destroyed by fire. It is provided by Section 8980 of the Code of 1924 that any condition or stipulation in a contract of insurance making the same void before the loss occurs, shall not prevent recovery, if the plaintiff shall prove that

the failure to observe such provision, or the violation thereof, did not contribute to the loss.

It is provided in the succeeding section that:

"Any condition or stipulation referring * * * (2) To vacancy of the insured premises, or * * * (8) To a change in the occupancy or use of the property insured, if such change or use makes the risk more hazardous, * * * shall not be changed or affected by the provision of the preceding section."

The policy did not contain a provision that it should become void if the building became vacant. It is the theory and argument of appellant that the provision of the policy quoted supra, which is in the exact language of the statute, is sufficiently broad and comprehensive to include a provision rendering the same void if the insured building shall become vacant.

The words "vacancy" and "occupancy" imply the opposite. If a building is occupied, it is not vacant; if vacant, it is not occupied. The provision of the policy contemplates such a change in the occupancy of the building as, by its nature or the manner of its use, increases the hazard. It does not contemplate that a change of tenants or a change from occupancy by a tenant to occupancy by the owner shall necessarily render the policy void.

The occupancy of the building at the time the application for insurance was signed was by a tenant. At the time of the fire, the building was vacant and unoccupied. A change from occupancy to vacancy could not, upon any definition of those terms, constitute a change in occupancy. In the absence of a provision in the policy rendering it void if the building became vacant, the policy would remain in force although the building became vacant. The provision found in the policy in question and a provision rendering a policy void if the building insured became vacant, are separate and distinct in their nature and purpose, and it is obvious that the legislature did not intend that one shall be construed as including the other and thus permit effect to be given to both. The policy must be construed most strongly against the insurer.

As said in Stoltenberg v. Insurance Co., 106 Iowa 565, occupancy of a house implies its actual use as a dwelling house. The words "be or become vacant or unoccupied" were construed in

Limburg v. German Insurance Co., 90 Iowa 709. The construction there given to the language involved affords no support to appellant's contention. As bearing upon the question before us and as illustrative of the definition of various similar terms see Gould v. British Am. Ass. Co., 27 U. C. Q. B., 473; Toll v. Wright, 37 Mich. 93, 103; Gilliat v. Ins. Co., 91 Am. Dec. (R. I.) 229; Moore v. Phoenix Ins. Co., 10 Am. State (N. H.) 384.

It is clear that there was no change in the occupancy or use of the insured property, although it became vacant, which invalidated the policy.—Affirmed.

FAVILLE, C. J., and DE GRAFF, ALBERT and WAGNER, JJ., concur.