Herman **STORTENBECKER**, Appellee,

v.

**POTTAWATTAMIE MUTUAL INSURANCE ASSOCIATION, a Corporation, Appellant.**

**No. 54603.**

Supreme Court of Iowa.

Nov. 11, 1971.

John, Stuart, Tinley & Peters, Council Bluffs, for appellant.

Smith, Peterson, Beckman, Willson & Peterson, Council Bluffs, for appellee.

STUART, Justice.

Herman Stortenbecker commenced this law action against his insurance carrier, Pottawattamie Mutual Insurance Association, for indemnification of the loss he had sustained when fire completely destroyed a tenant house on his farm. The insurance policy contained the following limitation on coverage:

"Conditions suspending or restricting insurance.

"Unless otherwise provided in writing added hereto this company shall not be liable for loss occurring:  *  *  *

"b.  While a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days."

Plaintiff pleaded full performance of all conditions of the policy.  Defendant denied such performance and specifically alleged that the insured premises had been vacant or unoccupied within the meaning of the above provision more than 60 days at the time of the fire.

By a pretrial order the trial court found the only issue remaining was the question of the vacancy or lack of occupancy beyond the 60 day period and placed the burden of proving this issue on defendant over its objection.

Defendant insurer introduced evidence tending to prove the dwelling had been unoccupied for more than sixty days before December 13, 1968, the date of the fire.  Principal support for its contentions came from the testimony of the last occupant of the dwelling Ervin Kahl who had been employed by plaintiff for a few weeks up to September 28 when he returned to his previous employment.  Kahl testified he moved out of the building on October 4 and never returned.  However, the testimony of plaintiff and several other wit-

nesses was such that a jury could find that Kahl had occupied the tenant house through October 20. The jury in this case did so find. Since the sufficiency of the evidence to support the verdict is not challenged by this appeal, no useful purpose would be served by a detailed recital of the trial testimony.

Defendant assigns two errors on appeal. (1) The trial court erred in ruling the burden of proof on whether the building was unoccupied for more than sixty days before the fire was on the insurer. (2) The trial court improperly instructed the jury as to the meaning of the word "unoccupied".

■ I. Defendant argues proof of occupancy is a condition precedent which must be pleaded and proved by the insured. We do not agree.

The policy plainly states vacancy or lack of occupancy are "[c]onditions suspending or restricting insurance".

"The rule is clear that special limitations or exclusions on the right to recover under a policy * * * inserted in the policy after the general insurance clause, are affirmative defenses which must be pleaded and established by the insurer." Wilson v. State Farm Mutual Auto. Ins. Co. (1964), 256 Iowa 844, 846–847, 128 N.W.2d 218, 220, and citations; Brammer v. Allied Mutual Insurance Company (Iowa, 1970), 182 N.W.2d 169, 174; Murray v. Preferred Accident Insurance Company (1927), 204 Iowa 1108, 1112, 216 N.W. 702, 703; Robinson v. Hawkeye Commercial Men's Association (1919), 186 Iowa 759, 767, 171 N.W. 118, 120; Williams v. Niagra Fire Ins. Co. (1879), 50 Iowa 561, 570. See also Limburg v. German Fire Insurance Co. (1894), 90 Iowa 709, 710, 57 N.W. 626, 627.

Defendant's reliance on Henschel v. Hawkeye-Security Insurance Co. (Iowa, 1970), 178 N.W.2d 409, is misplaced. That case involved the insured's duty to give timely notice of loss as a "condition pre-cedent" to the insurer's liability under the contract. The burden of proof with respect to a condition precedent is different from that burden with respect to a special limitation or exclusion on coverage.

The trial court correctly placed the burden of showing the premises were vacant or unoccupied on the insurer.

II. Defendant's second contention is based on the trial court's refusal to give Defendant's Requested Instruction No. 5, which reads:

"You are instructed that the word 'unoccupied' used in the policy involved in this case means not occupied, or not lived in. *A dwelling is unoccupied when it is not actually being used by persons as their customary place of abode and the place to which they habitually return when away.* It is for you to determine from all of the evidence before you whether plaintiff's dwelling house described in such policy had been unoccupied for a period of more than 60 consecutive days prior to the fire on December 13, 1968." (Emphasis added)

Instead the trial court in Instruction No. 4 instructed the jury as follows:

"You are instructed that the words 'vacant' and 'unoccupied' as used in the policy and in these instructions are not synonymous but are words of different meanings. Such words, as hereinafter defined in these instructions to you, must be considered in the light of the nature and character of the insured building, in this case a dwelling house.

"In determining the meaning of the word 'vacant' and the word 'unoccupied', you are instructed that these words should be given their common, ordinary and usual meaning. In determining the meaning of said words, you may use your own experience and common knowledge of the meaning of the words together with the definitions as given you below.

"You are instructed that the word 'vacant' as used in the policy and this instruc-

tion means: empty of everything but air; deprived of its contents; empty; absence of all matter, whether animate or inanimate; not occupied or put to use.

"You are instructed that the word 'unoccupied' as used in the policy and these instructions means: not occupied; not lived in; not actually being used by a person or persons, premises in which no one is living even though the furniture has not been removed."

Defendant makes no issue of the definition of "vacant" but claims the court's instruction on the definition of "unoccupied" was too general and was erroneous because it did not include in substance the thought expressed in the underlined portion of the requested instruction set forth above.

The question is whether failure to so define "unoccupied" in the jury instructions is reversible error. Defendant's requested instruction is quite similar to a suggested instruction (based on a Missouri case) in 22 Appleman, Insurance Law and Practice 406, § 13956, except defendant has added the phrase "and the place to which they habitually return when away". It cites other authorities which have used phrases similar to those in the requested instruction. Herman v. Adriatic Fire Insurance Company (1881), 85 N.Y. 162, 169, 39 Am.Rep. 645; Vinton v. Atlas Assurance Co. (1935), 107 Vt. 272, 178 A. 909, 911; 43 Am.Jur.2d, Insurance, § 947. See McMurray v. Capital Ins. Co. (1882), 87 Iowa 453, 455, 54 N.W. 354, 355.

■ In the leading case of Limburg v. German Fire Insurance Company (1894), 90 Iowa 709, 711, 57 N.W. 626, 627, the court states: "It is said that occupancy implies an actual use of a dwelling house as a dwelling place; that the insurer has

a right, by the terms of such a policy, to the care and supervision which would be involved in such an occupancy." It is this thought the instruction should convey. Danels v. Farm Property Mutual Insurance Co. (1931), 213 Iowa 352, 353, 239 N.W. 24, 25; Stoltenberg v. Continental Ins. Co. (1898), 106 Iowa 565, 568, 76 N.W. 835, 836.

With respect to a dwelling house, we have said that, "[a] house is unoccupied when no one is living in it". Stoltenberg v. Continental Ins. Co., supra. This is what the trial court told the jury in the instant case.

■ In our opinion the instruction and particularly the phrase "premises in which no one is living even though the furniture has not been removed" adequately instructed the jury as to the meaning of unoccupied. While the instruction should not be used as a model, it was complete enough to persuade us the jury was not misled thereby. In re Behrend's Will (1943), 233 Iowa 812, 818–819, 10 N.W.2d 651, 655.

■ III. Both parties have proceeded on the assumption that "vacant" and "unoccupied" are not synonymous. We agree. Gratuitous language in Cone v. Century Fire Ins. Co. (1908), 139 Iowa 205, 210, 117 N.W. 307, 308, which indicates otherwise should be disregarded.

As we find no reversible error, the trial court is affirmed.

Affirmed.

(The foregoing opinion by STUART, J., before he retired from the court November 8, 1971, is adopted as the opinion of the court.)

All Justices concur.