PAUL BECKLEY, Appellee, v. NATIONAL FIRE INSURANCE COMPANY, Appellant.

**INSURANCE:** Forfeiture of Policy—Invalid Insurance. A provision
1  in a policy of insurance to the effect that the policy shall be void
if the property becomes incumbered by any lien or mortgage is
not violated, when the subject of the insurance is *exempt* personal
property, by the execution of a mortgage thereon *by the husband
alone.* (See Sec. 2906, Code, 1897.)

**EXEMPTIONS:** Property Exempt—Automobile. Principle reaffirmed
2  that a resident debtor and head of a family may hold an automobile as exempt, provided he habitually earns his living thereby.

*Appeal from Pottawattamie District Court.*—J. B. ROCKAFELLOW, Judge.

DECEMBER 15, 1922.

ACTION at law, upon an insurance policy covering an automobile, whereby the plaintiff was insured against loss by theft thereof. The answer admitted the issuance of the insurance policy, but averred that the conditions of the policy had been breached, in that the plaintiff had mortgaged his automobile after the issuance of the policy, and in violation of the conditions thereof. In reply, plaintiff averred that the alleged mortgage set up by the defendant as a breach of the policy was, in fact, wholly void and of no effect, because the automobile covered thereby was property exempt to the plaintiff, and the wife of the plaintiff had not joined in the mortgage. At the close of the evidence, the trial court directed a verdict for the plaintiff for the full amount of the policy, and judgment was entered accordingly. The defendant appeals.—*Reversed.*

*George S. Wright* and *Stout, Rose, Wells & Martin,* for appellant.

*Kimball, Peterson & Smith,* for appellee.

EVANS, J.—I. The plaintiff purchased his automobile on

April 1, 1919, for a price of $1,185, of which amount he paid on his own account the sum of $400. For the balance of the

purchase price, he executed a mortgage for $785 to the Motors Finance Corporation, and the proceeds of the mortgage were applied to the extinguishment of the balance of the purchase price. The insurance policy was issued by the defendant upon the same day. It contained the following representations and conditions:

1. INSURANCE: forfeiture of policy: invalid insurance.

"3. * * * The automobile described is fully paid for by the assured and is not mortgaged or otherwise incumbered, except as follows: Balance due Motors Finance Corporation. * * *

"2. It is a condition of this policy that it shall be null and void: * * *

"(c) If the interest of the assured in the property be other than unconditional and sole ownership, or if the subject of this insurance be or become incumbered by any lien or mortgage except as stated in Representation No. 3 or otherwise indorsed hereon; * * *"

The plaintiff made monthly payments, as he was required to do, upon the mortgage. The balance due thereon on July 31, 1919, was $450. On that date, the plaintiff borrowed the sum of $600. Out of the proceeds, he paid off the mortgage of the Motors Finance Corporation. At the same time, he executed a mortgage upon the automobile to secure his note for $600. The mortgage ran to Norgaard as mortgagee and as payee of the note. Pursuant to a three-sided arrangement, Norgaard then and there transferred the mortgage and the note, duly indorsed by him, to the Commercial National Bank, which then and there paid to the plaintiff $600. Out of such proceeds, Norgaard received from the plaintiff the sum of $150. This is the mortgage which the defendant pleaded as a breach of the conditions of the policy.

In avoidance of such alleged breach, the plaintiff introduced evidence tending to show that he was the head of a family, and that the automobile in question was used by him in making his living, and that it was, therefore, exempt property. At the close of the evidence, the defendant moved for a directed verdict; likewise, the plaintiff. The theory of the defendant was and is that the giving of the mortgage upon the property was a

breach of the conditions of the policy, regardless of whether the mortgage was valid or void. We think this position cannot be sustained. The burden was upon the plaintiff to establish such fact of exemption. If his evidence was sufficient to satisfy the jury that this automobile was used by him in making a living, within the meaning of the law of exemption, then the mortgage was void and of no effect, for want of the concurrence of the wife therein. It is the trend of all our precedents that, when breach of the condition of an insurance policy is predicated by the insurer upon the execution of instruments by the insured affecting the title of the property, either by incumbrance or otherwise, the conditions of the policy thus set up will be construed to refer to valid instruments, and not to a void or colorable one.

Somewhat analogous to the case before us is that of *Cone v. Century Fire Ins. Co.*, 139 Iowa 205. In that case, a mortgage and deed of property had been made in apparent violation of the condition of the policy. It was shown, however, that such instruments were colorable only, and that, without consideration and contemporaneous therewith, a reconveyance had been made to the insured by the purported grantee. It was held that neither the mortgagee nor the grantee actually acquired any interest in the property, and that, therefore, neither instrument should be deemed a breach of the conditions of the policy.

If, therefore, in the case at bar, the chattel mortgage executed by the plaintiff was void for want of his wife's signature, as the jury could have found from the evidence, it would not constitute a breach of the policy. This was sufficient reason why the court should overrule the defendant's motion for a directed verdict

II. Upon plaintiff's motion, the trial court directed a verdict in his favor for the full amount of the policy, and the defendant assigns error thereon. The burden was upon the plaintiff to establish the facts supporting the avoidance pleaded in his reply. This of itself strongly suggests that he could not be entitled to a directed verdict. It was not enough for him to show that he was a married man and was owner of the automobile, nor was it enough for him to show that he used the automobile for

2. EXEMPTIONS: property exempt: automobile.

the pleasure of his family.  It was incumbent upon him to show that by the use of it he "habitually earned his living."  *Waterhouse v. Johnson,* 194 Iowa 343.  His evidence in that regard was quite indefinite, and might or might not satisfy the jury that he was using the automobile for the purpose of making a living, within the meaning of the law as it should be laid down to them by the court.  We think the plea of exemption presented a question of fact for the jury.

In view of our conclusion at this point, we have little occasion to consider the further assignment of error by the defendant that the court was not warranted in directing a verdict finding the value of the automobile to be the amount testified to by the plaintiff, there being no evidence offered by the defendant.  The plaintiff had used the automobile for one year, at the time it was stolen.  He testified that it was worth at that time the full original purchase price.  The question presented would call for a more extended discussion than we are now disposed to enter upon.  It is not likely to arise upon a retrial.

For the reason indicated, the judgment below must be reversed.—*Reversed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.