CLARK MOSHER, Appellee, v. IOWA MUTUAL INSURANCE COMPANY, Appellant.

No. 40628.

APRIL 10, 1931.

Genung & Genung, for appellee.

Carl H. Cook, for appellant.

GRIMM, J.—It appears that on March 21, 1927, the plaintiff, Clark Mosher, obtained legal title to certain real estate in the town of Red Oak, Montgomery County, Iowa, on which there was located a residence.

On September 7, 1927, the defendant company issued its policy of fire insurance on said building, for a period of three years, for the principal sum of $2,000 on a two-story shingled roof, frame building. On September 20th, there was issued by the National Security Fire Insurance Company of Omaha, Nebraska, a similar policy for $2,000 covering the same property and extending for a period of three years.

On March 2, 1928, Clark Mosher executed a mortgage on said real estate to his wife, Edith Mosher, to secure the payment of the sum of $2,000. This mortgage was duly filed for record on March 5, 1928. Clark Mosher and Edith Mosher, for a named consideration of the sum of $1,000 executed a deed to said property to a daughter, Clarisso Chrisinger, of Cook County, Illinois. This deed was filed for record on the 28th day of April, 1928. On the same day as the deed from the Moshers to Clarisso Chrisinger, the said Clarisso Chrisinger executed a warranty deed to the same property in the sum of $1,000 to Clark Mosher and Edith Mosher. It appears that this latter deed was never recorded.

On April 30, 1928, the insured property was destroyed by fire. The court found the value of the destroyed property to be $300.

I. The court found that at the time of the fire the plaintiff Clark Mosher was the unconditional owner of the property in question. This is assigned as an error for reversal. We will consider Errors 1, 2 and 3 together. They were so treated in the argument by the appellant.

The destruction of the property is admitted as is the issuance of the policy. The contract of insurance provided, among other things, that the policy be voided if the interest of the insured be other than unconditional and sole ownership.

The appellant contends that the policy was voided by reason of the fact that the building destroyed was on ground not owned by the insured at the time of the fire and that the policy was voided because of the fact that a change had taken place in the interest, title, possession and use of the subject of the insurance and that such change made the risk more hazardous, in violation of the policy.

The deed from Clark Mosher to his daughter, Clarisso Chrisinger, according to the uncontradicted testimony in the

record, was never delivered to the grantee. Mosher himself sent it for record. After it was recorded, it was returned to Mosher and it was kept in his possession at all times. It is shown by the uncontradicted testimony that Clarisso Chrisinger paid nothing for the deed. It also appears that on the same day on which the deed from Mosher to Chrisinger was executed, Chrisinger executed a deed of the same property to Clark Mosher and Edith Mosher, his wife. This deed remained in the possession of Clark Mosher and never was recorded.

It is not claimed that Clarisso Chrisinger ever took possession of the property or even attempted to do so. The appellee, Clark Mosher, continued at all times thereafter to exercise dominion and control over the property, to receive rents, if any were paid, and to handle the property in all respects as though the deed from Clark Mosher to Clarisso Chrisinger had never been made.

There is no satisfactory reason given in the record why this deed from Clark Mosher to Chrisinger was executed. The only attempted excuse given for the execution of the deed was the expression of an opinion on the part of Clark Mosher that he could trade the property better by so doing. He says, ''When a place changes hands real often, the people think that it moves better, doesn't it?''

Upon the whole record, we think the trial court correctly found that there never was a real parting of interest. That is to say, Clark Mosher remained the real owner of the property, at least until after the fire. Moreover, we think the trial court correctly found that the deed from Clarisso Chrisinger to Clark Mosher was wholly void. This court has on several occasions had before it a similar question.

In Ayres v. Hartford Fire Ins. Co., 17 Iowa 176, this court said:

''The object of the insurance company, by this clause, is that the interest shall not change so that the assured shall have a greater temptation or motive to burn the property, or less interest and watchfulness in guarding and preserving it from destruction by fire. Any change in, or transfer of the interest of the assured in the property of a nature calculated to have this effect, is in violation of the policy. But if the real ownership remains the same—if there is no change in the *fact of title,*

but only in the evidence of it, and if this latter change is merely nominal, and not of a nature calculated to increase the motive to burn, or diminish the motive to guard the property from loss by fire, the policy is not violated.''

In Cone v. Century Fire Ins. Co., 139 Iowa 205, this court said:

''It was clearly the intention of the plaintiff and Mrs. Gates that the latter should take and hold the record title for the purpose of assisting the plaintiff to escape a possible lien on the property for taxes, and it was just as clearly their intention that no real change in interest or in title should take place by virtue of the transaction. There was therefore no actual diminution of interest or title because the parties did not so intend. Title to real estate may, of course, be acquired and lost by several methods; but, however acquired, one of the essentials ordinarily requisite to a good and perfect title is the right of possession, and a change for diminution 'in the interest, title, or possession' must of necessity confer on the grantee something more than a mere paper title. In other words, to work such a change or diminution some right must in fact be conveyed. There was nothing of the kind here. No interest was in fact transferred, and no possession or right of possession was in fact given. It is generally held that the object of the provision against a change in the title or ownership of the insured property is that the insured shall have no greater motive to destroy the property or less interest in protecting it.''

See, also, Moore v. St. Paul F. & M. Ins. Co., 176 Iowa 549; State Cent. Sav. Bank v. St. Paul F. & M. Ins. Co., 184 Iowa 290; Beckley v. National Fire Ins. Co., 194 Iowa 1106.

The facts in this case bring it squarely under the holdings in said cases.

If it be contended that by the deed from Clarisso Chrisinger to Clark Mosher there was a change of interest so far as Clark Mosher was concerned by reason of the fact that the conveyance was to Clark Mosher and his wife, Edith Mosher, the complete answer is that the said Chrisinger deed was without consideration and void. As was said by this court in Beckley v. National Fire Ins. Co., 194 Iowa 1106:

"It is the trend of all of our precedents that, when breach of the condition of an insurance policy is predicated by the insurer upon the execution of instruments by the insured affecting the title of the property, either by incumbrance or otherwise, the conditions of the policy thus set up will be construed to refer to valid instruments, and not to a void or colorable one."

■ II. It will be recalled that after the issuance of the two fire insurance policies in this case, Clark Mosher executed and delivered a mortgage on the insured property to his wife, Edith. The policy in the National Security Fire Insurance Company of Omaha, Nebraska, contained a clause against mortgaging the property without the consent of the insurance company. No such consent was given by the latter company. The defendant consented.

It is the contention of the appellant that if liable at all, it is liable only for its *pro rata* share of the loss sustained to the property and that the National Security Fire Insurance Company would be liable for the other portion of the loss.

The record shows the mortgage referred to to be a valid one. It violated the terms of the National Security policy; therefore, there was no liability on the part of the National Security Company, and the court correctly so found. Consequently, the appellant was liable for the entire value of the loss, as found by the court.

On the whole record, we think the trial court correctly determined the case, and the cause must be and is—Affirmed.

FAVILLE, C. J., EVANS, MORLING, and KINDIG, JJ., concur.