PRIMO GALLOTTI, Individually and as the Surviving Partner of the Copartnership Doing Business under the Firm Name and Style of PRIMO GALLOTTI & A. VANNINI, and PIERRE GOUGELMANN and Others, as Executors, etc., of MARIE GOUGELMANN, Deceased, Plaintiffs, *v.* CONTINENTAL INSURANCE COMPANY and Others, Defendants.*

Supreme Court, New York County, June 14, 1933.

* Affd., 241 App. Div. 804.

352

*Moos, Nathan, Imbrey & Levine* [*A. B. Nathan* of counsel], for the plaintiffs.

*Avery, Taussig & Fisk* [*A. G. Fisk* of counsel], for the defendants.

SHIENTAG, J. The decision of the court is as follows:

1. The partnership was and is the owner of the insured premises. It never actually parted with title. The sole and unconditional ownership clause was not breached although the record title was placed in another's name. The transfer in 1920, unaccompanied by the delivery of the deeds, and for which no consideration was paid, was merely colorable and not real or effective. There was no intention to consummate a change of title. (*Forward* v. *Continental Insurance Co.*, 142 N. Y. 382.) In fact, legal title is not the test of

ownership within the terms of the standard fire insurance policy. (*Brighton Beach Racing Assn.* v. *Home Ins. Co.*, 113 App. Div. 728; affd., 189 N. Y. 526.) If there is no change in the fact of title, but only in the evidence of it, and this latter change is merely nominal and not of a nature calculated to increase the motive to burn, or diminish the motive to guard the property from loss by fire, the policy is not violated. (*Buszozak* v. *Wolo*, 125 Misc. 546; *Mosher* v. *Iowa Mut. Ins. Co.*, 212 Iowa, 85; 235 N. W. 743; 4 Couch Ins. pp. 3187, 3188.)

2. The clause relating to the ownership of the ground in fee simple is construed the same way as a clause relating to the sole and unconditional ownership. In Vance on Insurance ([2d ed.] at p. 714) the author says: " The condition rendering void insurance upon a building on ground not owned in fee simple by the insured, while valid and enforceable, is construed in the same spirit as the other conditions affecting the insured's interest. The insured will be deemed to be the owner in fee simple if his interest is without condition or limitation, even though he may not have the legal title."

3. The proofs of loss filed with the insurance company fulfill the requirements of the policy. They sufficiently apprised the defendant of the nature and extent of the loss. (See *Glazer* v. *Home Ins. Co.*, 190 N. Y. 6.)

4. Primo Gallotti, as the surviving partner of the partnership of Primo Gallotti & A. Vannini, is the proper party plaintiff under section 51, subdivision 2, paragraph d, of the Partnership Law. Title to all partnership property vested in Gallotti, including choses in action. (*Place* v. *Bleyl*, 45 App. Div. 17.) Since title vested in him exclusively, the representatives of the deceased partner are not necessary parties to the action. (*Kade* v. *Sanitary Fireproofing & Contracting Co.*, 257 N. Y. 203.)

5. In so far as the mortgagees are concerned, the defendants may not be heard to assert the defenses interposed against the partnership. (*Savarese* v. *Ohio Farmers Ins. Co.*, 260 N. Y. 45, 51; *Goldstein* v. *National Liberty Ins. Co.*, 256 id. 26.)

6. The loss for which the defendants are liable is the sum of $35,000, of which the plaintiffs Gougelmann, in behalf of the mortgagee, are entitled to the sum of $10,000, with interest, and the remaining plaintiffs the balance of $25,000, with interest. Verdict is directed accordingly. Exception to defendants; twenty days' stay and sixty days to make a case. Settle order which shall apportion the liability of the defendants in accordance with the provisions of their respective policies.