Margaret Mary J. Mangan, J.
This is an action brought by plaintiffs, a copartnership doing business as Victory Stationery Company and hereinafter referred to as Victory, to recover the value of a demolished automobile insured by defendant under a policy of collision insurance issued by the defendant to Joseph Weinstock, as assured.
The case was tried on an agreed statement of facts.
It appears that Joseph Weinstock, a jobber selling stationery which he bought from Victory Stationery Company on an open account, purchased an Oldsmobile from Center Motor Company for the sum of $3,090. The bill of sale named Joseph Weinstock as purchaser. He paid $1,090 of the purchase price by way of allowance on his old car. He did not have enough money to pay the entire purchase price and the balance of $2,000 was paid ■by Food Dealers Bank and charged to an open general loan account which Victor had with the bank. The $2,000 advance was liquidated by monthly payments made by Victory and charged by Victory to the account of Joseph Weinstock with it. *857 Joseph Weinstock agreed to register the car in the name of Victory and to keep the car registered in the name of Victory until he paid back what he owed Victory. Joseph Weinstock registered the car in the name of Victory, but kept the registration certificate in his possession. It is not disputed that at all times Joseph Weinstock had the sole and exclusive possession and control of the car.
At the time of purchase, Joseph Weinstock phoned the broker, who previously handled his insurance on his traded-in ear, and told the broker, “I want the insurance transferred. I just bought a new car.” The broker asked the serial and motor number of the new car and thereafter the comprehensive collision policy in suit was issued by the defendant to Joseph Weinstock in his name.
While the policy was still in force and on October 7, 1953, the insured motor vehicle was completely demolished in an accident. On October 9 the broker notified the defendant insurance company of the loss and requested that Victory be added as loss-payee on the policy, advising the defendant insurance company at that time that Victory claimed a financial interest in the motor vehicle. The defendant insurance company issued an indorsement to the policy providing, 11 Interest of Victory Stationery Company is hereby added to the Policy as Loss-payee.” The defendant insurance company dated the indorsement back to and effective as of October 4,1953, three days prior to the collision and reported loss.
Thereafter, Victory submitted a proof of loss and the defendant disclaimed liability because Victory was not the named insured. Victory then instituted an action in the City Court against Joseph Weinstock to fix the interest that Victory had as loss-payee under the contractual obligation of the indorsement and secured a judgment against Joseph Weinstock in a sum in excess of the amount of loss. Thereupon Victory commenced the within action.
The defendant interposed three separate defenses, first, that Joseph Weinstock, to whom the policy was issued, was not the sole and unconditional owner of the automobile and, therefore, breached the warranty as contained in item 5 of the policy, providing, “ except with respect to bailment lease, conditional sale, mortgage or other encumbrance, the insured is the sole owner of the automobile except as stated herein.” Second, that Joseph Weinstock did knowingly represent and conceal the fact that he was not the sole and unconditional owner of the automobile and that said representation was made with intent of defrauding the defendant and voided the policy under item 14, *858 providing,1 ‘ Conditions, Fraud and Misrepresentation. * * * this policy shall be void if the insured has concealed or misrepresented any material facts or circumstances concerning this insurance or the subject thereof or in case of any fraud, attempted fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof whether before or after loss.” For a third defense the defendant set forth, that if there was no liability to the named insured, Joseph Weinstock, there was no liability to the loss-payee, Victory Stationery Company.
Indubitably, the insurance company has every right to be advised of the party in control of a risk to determine whether it will assume the risk by entering into a contract of insurance. The instant case is not a case of a conditional sales contract where title to the automobile is reserved in the vendor. Title passed from Center Motors to Joseph Weinstock by the bill of sale and payment of the purchase price. The hill of sale conferred upon Joseph Weinstock all of the rights of a vendee. The money for the purchase price was loaned Joseph Weinstock by Victory and he was repaying Victory in monthly payments. The registration of title was put in the name of Victory to secure the repayment of a loan. This arrangement was nothing more than collateral security for an existing indebtedness. Registration of title in the name of another is merely indicia of ownership. While it is prima facie proof of ownership, it is not proof of ownership and may be rebutted. The evidence shows that Joseph Weinstock registered the automobile in the name of Victory solely for the purpose of securing an unpaid indebtedness to Victory. He never parted with possession or use or control of the automobile and at all times he retained a true and beneficial ownership therein. Ownership of the automobile was in him and he never parted with ownership to Victory. (Elfeld v. Burkham Auto Renting Co., 299 N. Y. 336; Phoenix Ins. Co. v. Guthiel, 2 N. Y. 2d 584.) Moreover, when advised that Victory had a financial interest in the car, the defendant issued an indorsement naming Victory as loss-payee, indicating that the defendant did not consider any financial interest on the part of Victory as increasing the risk. Where the registration of title in the name of another does not materially increase the risk of loss insured against within the coverage of the policy, the ownership clause of the policy is not violated. (Gallotti v. Continental Ins. Co., 152 Misc. 351, affd. 241 App. Div. 804.) Accordingly, the court finds that there was no breach of warranty as to the ownership clause of the policy.
*859 The defendant takes the position that if it be determined that Joseph Weinstoclc is the owner of the car, the registration of the car in the name of Victory was an incumbrance and not being listed as required by item 5 of the policy voided the policy.
Item 5 is so worded that “ except as stated herein ” follows immediately the words, “ sole owner of the automobile ” and not “ encumbrance ”. The plaintiff claims this means the named insured is the sole owner of the car, “ except as stated herein ”, and does not ask the insured to state any incumbrance. It was simply a warranty of ownership and nothing more. Did item 5 ask of the insured whether the car was incumbered or was it a warranty addressed to ownership or any qualification thereof? To relieve insured persons from unwarranted forfeitures the courts apply the doctrine of strict construction when the interpretation of policy language is under consideration and any ambiguity, under the authorities, must be resolved against the carrier. (Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44; Gerka v. Fidelity & Cas. Co., 251 N. Y. 51.) Analyzing the structure of the sentence, ‘1 except as stated herein ’ ’, following as it does after “ owner of the car ”, can only refer to ownership and not incumbrances. In the absence of ownership in the title, Joseph Weinstock was not obligated to state the nature or extent of any lien or incumbrance interest held by Victory. Accordingly, I find there was no breach of warranty on the part of the plaintiff in failing to list the interest of Victory, as an incumbrance.
As to the defense of fraud, there is no evidence that the plaintiff made any false representation as to the ownership of the car. Indeed, it appears that the defendant was apprised of the financial interest of Victory and had issued its indorsement to the policy reflecting such financial interest in Victory.
The defendant now argues as regards that portion of the policy which reads in part as follows: ‘ ‘ Exclusions. This policy does not apply: (b) under any of the coverages, while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy.” This defense of the exclusionary clause was never set up or in any way indicated in the pleading and will not now be considered. (Civ. Prac. Act, § 242; Tidewater Oil Co. v. American S. S. Owners Assn., 156 Misc. 367; Agricultural Ins. Co. v. A. Rothblum, Inc., 147 Misc. 865; Danerhirsch v. Travelers Ind. Co., 202 App. Div. 207.) “ If breach of a condition or stipulation in a policy is relied upon by the insurer, it must affirmatively plead such breach * * *. This applies to conditions as to * * * increase of hazard by encum *860 branees through mortgage and other liens ”. (8 Couch Cyclopedia of Insurance Law, § 2114, p. 6848.)
The parties have stipulated the value of the demolished car to be $2,050.
Judgment for the plaintiff in the sum of $2,050. Five days’ stay.